No. 45,090

Ruby R. Roach, *Appellant,* v. Henry C. Beck Company, a Delaware Corporation, and The City of Wichita, Kansas, *Appellees.*

(442 P. 2d 21)

Opinion filed June 8, 1968.

*George D. McCarthy,* of Wichita, argued the cause and was on the briefs for the appellant.

*H. E. Jones,* of Wichita, argued the cause, and *A. W. Hershberger, Richard Jones, Jerome E. Jones, Robert J. Roth, William R. Smith, Robert J. O'Connor,* and *Greer Gsell,* all of Wichita, were with him on the brief for appellee Henry C. Beck Company.

No appearance for appellee City of Wichita.

The opinion of the court was delivered by

Kaul, J.: The narrow question presented in this appeal is whether a plywood board, approximately three feet square and three-fourths of an inch thick, covering a hole in a downtown City of Wichita sidewalk amounts to such a defect as to be actionable as a matter of law. After pretrial proceedings were completed the trial court sustained motions by each defendant for summary judgment on the ground the defect was not actionable as a matter of law. The plaintiff-appellant has appealed.

Plaintiff in her petition alleges that the maintenance of the sidewalk in question was under the joint control of defendant-appellee

City of Wichita and defendant-appellee Henry C. Beck Company, a corporation, a construction contractor, erecting a building adjacent to the alleged defective sidewalk. The allegations of the petition, pertinent to the issue on appeal, are as follows:

"5. That at the time plaintiff sustained her injuries, as hereinafter alleged, and for several months prior thereto, the defendants placed or caused to be placed and knew or should have known of the existence of the same, there existed a defect upon said sidewalk approximately fifty-six inches inside the curb line and in front of 119 North Market. Said defect consisted of a thirty-four inch square wooden cover over a hole in the sidewalk, which projected above the level of the walking surface; that said defect in and of itself so failed to conform with the immediate adjoining surface as to render the same a hazard and dangerous to anyone walking upon said sidewalk.

"6. That the defendants knew or should have known by reason of the nature of said defect and the length of its existence that persons walking upon said sidewalk would be tripped and/or fall over the same. That despite the defect on the sidewalk and the knowledge that the same would constitute a hazard and dangerous condition to the walking public, neither of said defendants made any effort whatsoever to guard the safety of persons using said sidewalk. That defendants placed no markers, barriers, guardrails or other warning devices of any kind or nature to warn the walking public of the existence of the defect and dangerous condition as hereinbefore stated.

"7. That on February 14, 1963, at approximately 12:00 noon as the plaintiff was walking north on the sidewalk on the west side of Market Street in the first hundred block in the City of Wichita, Kansas, she was tripped and fell over the wooden cover placed over the hole in the sidewalk."

Defendants filed separate answers, each denying negligence and pleading contributory negligence on the part of plaintiff, and in addition the City of Wichita pleaded that it was engaged in a governmental function and therefore not liable to plaintiff in any event.

Defendant Beck answered interrogatories submitted by plaintiff and responded to plaintiff's request for admissions.

At a pretrial conference, in which the pleadings, affidavits, depositions, interrogatories, exhibits, stipulations and arguments of counsel were submitted to the court, the following order was made, in pertinent part, as follows:

"1. The parties have agreed to be bound by the following stipulations:

"(a) On February 14, 1963, at approximately twelve noon, the Plaintiff was walking north on the sidewalk on the west side of the 100 Block North Market Street, Wichita, Kansas, and tripped and fell over a wooden covering placed over a hole in the sidewalk and was injured.

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"(e) The wooden covering was over a whole in the sidewalk at the above described location and said hole was to be used for the planting of a tree.

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"(g) The covering over the hole in the sidewalk was a plywood board approximately three-fourths inches in height or thickness and approximately three feet square, and was used as a temporary covering over said hole in the sidewalk.

"(j) On February 14, 1963, the Plaintiff was fifty-four years of age and had a life expectancy of 20.47 years.

"(k) Plaintiff's exhibits marked 1, 2, 3, 4, 5 and 6 are admitted into evidence.

"(l) Defendant, Henry C. Beck Company, exhibits marked 'A' and 'B' are admitted into evidence.

"(m) Defendant and Third Party Plaintiff, The City of Wichita, Kansas, 'Exhibit A' is admitted into evidence."

A careful examination of plaintiff's petition, the interrogatories, admissions and stipulations entered into at pretrial conference, reveals that plaintiff relied solely on the plywood covering as a basis for her cause of action. No reference is made in her petition or in any of the discovery proceedings to any other defect or surrounding facts or circumstances which would tend to enhance the plywood covering as a defect. In other words, we are confronted with only the question whether the covering described in item "g" of the pretrial stipulations amounts to an actionable defect as a matter of law.

The applicable principles of law involved, and cases in support thereof, are set out in *Taggart v. Kansas City*, 156 Kan. 478, 134 P. 2d 417, as follows:

"Sometimes an imperfection in a walk may be of such a character that the court can say, as a matter of law, that it does not constitute an actionable defect. (citing case.) On the other extreme, there are those conditions which the courts would say, or the city would concede, that the condition of the street or walk is dangerous. (citing cases.) In between these extremes there are conditions where the question whether the imperfection in the street constitutes an actionable defect is one for the determination of the jury and the trial court. (citing cases.)" (p. 481.)

In which category does the defect in question fall? It is well settled in this state that a city is not required to maintain perfect sidewalks. A city is not an insurer of the safety of pedestrians. Its duty is to maintain them in a reasonably safe condition for public use. (*Pierce v. Jilka*, 163 Kan. 232, 181 P. 2d 330; *Blankenship v. Kansas City*, 156 Kan. 607, 135 P. 2d 538; *Biby v. City of Wichita*, 151 Kan. 981, 101 P. 2d 919.) The same rule applies in actions against an individual or private corporation alleged to have created and maintained a defect in a sidewalk. (*Pierce v. Jilka*, supra;

*Slaton v. Union Electric Ry. Co.*, 158 Kan. 132, 145 P. 2d 456; *Moore v. Winnig*, 145 Kan. 687, 66 P. 2d 372.)

The rule of slight defect nonactionability has been applied with respect to sidewalk defects in a number of cases in this jurisdiction. Before mentioning some of the cases concerning defects, resembling that involved here, we pause to note that with respect to sidewalks whether the defect consists of a "projection, depression or otherwise, is immaterial." (*Biby v. City of Wichita*, supra.)

In *Ford v. City of Kinsley*, 141 Kan. 877, 44 P. 2d 255, the sidewalk was constructed of cement blocks about three feet square. One of the blocks had sagged below the level of adjacent blocks to a depth of from one-half inch to three-fourths of an inch. On appeal this court set aside a jury's verdict for plaintiff and held:

". . . the defect in the sidewalk was so slight and inconsiderable that it did not furnish a basis for actionable negligence against the city." (Syl. ¶ 2.)

In *Pierce v. Jilka*, supra, a fiber door mat, eighteen by twenty-four inches and one inch thick, was held not to constitute an actionable defect in a sidewalk. In *Blankenship v. Kansas City*, supra, the absence of six or eight bricks, leaving a depression fourteen to sixteen inches square and two inches in depth, was held to be a nonactionable defect. In *Taggart v. Kansas City*, supra, the sidewalk was made of cement slabs about six feet square. A root from a tree, growing near the sidewalk, had grown under the walk in such a way as to raise one side of a slab about six or seven inches above the level of the adjoining slab at one end of the joint of the two slabs. The difference in the levels of the two slabs decreased toward the other end of the joint and where plaintiff tripped the difference in the levels was about three inches. A judgment on a jury's verdict for plaintiff was reversed on appeal and it was held:

"The irregularity in a sidewalk complained of in this action, where there was a step-down of not more than three inches, considered, and *held* not to be an actionable defect." (Syl. ¶ 3.)

Plaintiff construes the trial court's ruling to be based solely on the lineal measurements of the plywood covering and complains of error in this regard. The comments of the trial court are not abstracted in the record. The journal entry merely reflects that the motions for summary judgment were sustained as to each defendant on the grounds that the defect, as set forth in the pretrial order, was not actionable as a matter of law. It is true, that while the height of the projection or depth of depression, whichever the case

might be with respect to a sidewalk defect, is the most important element, it is not always controlling where surrounding facts or circumstances are pertinent. However, in a case such as that at bar, where the alleged defect is described solely by lineal measurements, absent any surrounding facts or circumstances enhancing the defect, a holding may be based solely or principally on lineal measurements. (*Ford v. City of Kinsley*, supra; *Moore v. Winnig*, supra; *Biby v. City of Wichita*, supra; *Blankenship v. Kansas City*, supra; *Pierce v. Jilka*, supra.)

As we have indicated, plaintiff alleges no other defect, nor are there any surrounding facts or circumstances suggested in the pretrial proceedings or in the stipulations of the parties, from which any inference could be drawn that would pose a question of fact. Under such circumstances, and in view of our own well considered cases above cited, which are in harmony with the great weight of authority (See 119 A. L. R., Anno., p. 161), we are compelled to hold the alleged defect in this case does not constitute a basis for liability on the part of either defendant.

Plaintiff suggests that summary judgment was improper under the authority of *Green v. Kaesler-Allen Lumber Co.*, 197 Kan. 788, 420 P. 2d 1019. The *Green* case involved an alleged defective step at a store entrance. On appeal a summary judgment was set aside on the ground that a controverted issue of fact remained concerning the nature of the defect involved, described in the opinion as a "serious conflict between the testimony of the appellant and what appeared in the photograph as presented by the appellee." In the case at bar the parties stipulated as to the dimensions of the plywood covering, its relative location in the sidewalk, and to all circumstances in connection therewith raised by the pleadings or suggested by the pretrial proceedings. The case was ripe for summary judgment and no error was committed by the trial court in sustaining the motions of defendants.

The judgment is affirmed.