No. 47,603

BARBARA GREEN, *Appellant*, v. JAMES H. STEWARD, Mayor of the City of Garden City, Kansas; and CHARLES COLLINS, C. W. BAKER, D. C. GARCIA and C. K. MINTER, JR., Commissioners of the City of Garden City, Kansas; and THE CITY OF GARDEN CITY, KANSAS, a municipal corporation, *Appellees.*

(533 P. 2d 1240)

 Opinion filed
April 5, 1975. 

J. *Stephen Nyswonger,* of Braun & Nyswonger, of Garden City, argued the cause, and *Lelyn J. Braun,* of the same firm, was with him on the brief for the appellant.

*Ray H. Calihan, Jr.,* of Calihan, Green, Calihan & Loyd, of Garden City, argued the cause, and *Clyde P. Daniel,* of Garden City, was with him on the brief for the appellees.

*Per Curiam:* The plaintiff, Barbara Green, brings this action against the City of Garden City, Kansas, for injuries allegedly received when she tripped and fell over a protrusion in a public sidewalk. Summary judgment was entered in favor of the city and plaintiff has appealed.

The incident occurred as plaintiff was walking in front of the premises at 414 North Main Street. It was stipulated that the protrusion was "a corner of a concrete slab in the sidewalk which is one-quarter ($\frac{1}{4}''$) inch higher than the rest of the sidewalk." In response to written interrogatories plaintiff stated: "I did not see the protrusion at the time I was walking as the protrusion is so slight and subtle that to the average person exercising reasonable care walking down the sidewalk, the same is not visible."

Defendant's motion for summary judgment was sustained on the ground that "the defect about which plaintiff complains does not constitute a sufficient hazard to establish liability for negligence in this case." On appeal the plaintiff contends the question of whether the rise in the sidewalk constituted a defect was a factual question which should have been submitted to a jury.

In our opinion the facts of this case bring it within the rule relating to municipal liability for damages resulting from sidewalk defects as the same are set forth in *Roach v. Henry C. Beck Co.,*

201 Kan. 558, 442 P. 2d 21. In that case we upheld the trial court in sustaining a motion for summary judgment filed by the city of Wichita on the premise that a slight and inconsiderable defect in a city sidewalk provides no basis for actionable negligence, even though a pedestrian may trip and injure herself by reason thereof. The court went on to say:

". . . It is well settled in this state that a city is not required to maintain perfect sidewalks. A city is not an insurer of the safety of pedestrians. Its duty is to maintain them in a reasonably safe condition for public use. . . ." (p. 560.)

The defect involved in the foregoing case consisted of a square wooden cover, three-fourths of an inch thick, which had been placed over a hole in the sidewalk.

In *Roach,* this court cited numerous authorities which support the rule of nonliability for inappreciable or minimal variances in the surface level of a public sidewalk. (See, *e. g., Biby v. City of Wichita,* 151 Kan. 981, 101 P. 2d 919; *Blankenship v. Kansas City,* 156 Kan. 607, 135 P. 2d 538.)

We find no error in the ruling of the court below and its judgment is affirmed.

FROMME, J., not participating.