Willie J. McNAIR, Plaintiff,

v.

UNITED STATES POSTAL SERVICE and Maxine Lee, Defendants.

No. CV 77–4782–WMB.

United States District Court, C. D. California.

March 21, 1978.

---

Virginia Cook, Inglewood, Cal., for plaintiff.

## ORDER OF DISMISSAL

WM. MATTHEW BYRNE, Jr., District Judge.

Plaintiff's complaint against the United States Postal Service and Maxine Lee, an employee of the United States Postal Service, apparently attempts to allege jurisdiction based on the Federal Tort Claims Act, 28 U.S.C. § 1346(b), *et seq.* [hereinafter FTCA], even though the FTCA is not mentioned in the complaint.

The FTCA allows persons injured by the negligence of employees of federal agencies to sue the United States. 28 U.S.C. §§ 1346(b), 2671. The Act provides, however, that it is the United States and not an agency thereof that is subject to suit. 28 U.S.C. § 2679(a).

Plaintiff alleges that his injuries were caused by the negligence of Maxine Lee while acting in the scope of her employment with the United States Postal Service. The United States Postal Service is a "federal agency" as defined in the FTCA, 28 U.S.C. § 2671. Consequently, plaintiff's exclusive remedy is the FTCA, and the appropriate defendant is the United States rather than the Postal Service. In affirming the dismissal of a suit against the Postal Service in *Myers & Myers v. United States Postal Service*, 527 F.2d 1252 (2d Cir. 1975), the court wrote:

"We should first note that suit under the Federal Tort Claims Act lies here, if at all, only against the United States. Neither the Postal Service nor the Postal Inspection Service, named as defendants, may be sued directly on claims brought under 28 U.S.C. § 1346(b). . . . The Postal Service and the Postal Inspection Service seem plainly to be 'federal agencies' within the broad definition of that term provided in 28 U.S.C. § 2671." 527 F.2d at 1256.

The cause of action alleged against the United States Postal Service must be dismissed since this court does not have subject matter jurisdiction to entertain the claim.

This court also lacks jurisdiction with respect to Maxine Lee, who is named individually in the complaint. Plaintiff alleges that Maxine Lee was "acting within the purpose and scope of said agency" when the vehicle which she controlled injured plaintiff. The only remedy in an action for personal injuries resulting from operation of a motor vehicle by an employee of a federal agency is a suit against the United States. Plaintiff has no cause of action against the federal employee individually. 28 U.S.C. § 2679 provides:

The remedy by suit against the United States as provided by section 1346(b) of this title for damage to property or for personal injury, including death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim.

A court may, on its own initiative and without hearing, dismiss a complaint for lack of subject matter jurisdiction under Rule 12(h)(3), Federal Rules of Civil Procedure. *See, Kamsler v. Zaslawsky*, 355 F.2d 526 (7th Cir. 1966); *Wood v. Home Insurance Co.*, 305 F.Supp. 937 (C.D.Cal.1969).

Accordingly, this court lacks subject matter jurisdiction with respect to both the

United States Postal Service and Maxine Lee, the individual Postal Service employee.

IT IS HEREBY ORDERED that the complaint is dismissed. Plaintiff is granted leave to file an amended complaint within twenty (20) days of the date of this order.