Mark WILLIAMS, Plaintiff,

v.

UNITED STATES POST
OFFICE, Defendant.

No. 94–4151–SAC.

United States District Court,
D. Kansas.

Oct. 25, 1994.

Mark E. Williams, pro se.

D. Brad Bailey, Office of U.S. Atty., Tope-
ka, KS, for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

On October 11, 1994, this court ordered the
plaintiff, appearing pro se, to show cause why
this action should not be dismissed for lack of
proper service pursuant to Rule 4(i) of the
Federal Rules of Civil Procedure, for failure
to allege the grounds for jurisdiction, and for
failure to exhaust administrative remedies.
Within the time provided by the court, the
plaintiff filed the following response:

> I know that a rock can fly out under a
> weed eater that the maintenance worker
> was operating the day my car window got
> broke out by a rock that hit my window

and broke it out. I talked to everybody I
know that uses weed eaters and they also
said a rock can fly out from under a weed
eater and break a window. I am not a
dummy I know for myself that a rock can
fly out under a weed eater and break a
window also when not used the right way.
I would settle out of court for the damage
done to my car window for the price the
glass places quated (sic) me a price of
$107.47. But, the maintenance worker and
every employee does not think a rock can
fly out from under a weed eater. If I had
a weed eater I could prove to all of you
that when some one does not use a weed
eater the right way that a rock does fly out
from under a weed eater and break a car
window or any window of any kind. I do
have a witness that will testify with me it
can happen. My car lost value of it when
the window got broke out by the weed
eater not being used the right way. I have
filed paper work to go to court and every
time I get a letter saying I did not file the
paper work to go to court. So I will see
you in court to show cause why this case
should not be dismissed and stay in court.

(Dk. 13). Yet for all the monotonous allega-
tions about whether a "weed eater" can
throw a rock with sufficient force to break a
car window, the plaintiff says nothing about
the legal queries asked of him.[1]

To date, the plaintiff has not alleged or
shown that he has presented an administra-
tive claim to the appropriate federal agency.
Exhaustion of administrative remedies is a
statutory prerequisite to recover monetary
damages under the Federal Tort Claims Act
("FTCA"). See 28 U.S.C. § 2675(a).
"Where Congress specifically mandates, ex-
haustion is required." *McCarthy v. Madi-
gan*, 503 U.S. 140, ——, 112 S.Ct. 1081, 1084,
117 L.Ed.2d 291, 299 (1992). Exhaustion "is
a jurisdictional prerequisite to asserting
claims under the FTCA." *Pipkin v. U.S.
Postal Service*, 951 F.2d 272, 273 (10th Cir.
1991). The United States Postal Service has
set forth the administrative procedure for

---

1. On October 23, 1994, the plaintiff filed a "Re-
quest for Motion to Reschedule and Keep Case in
Court" in which he requests a "weed eater" in
order to demonstrate for the court "that a rock

can fly out from under a weed eater when not
used the right way." (Dk. 15). This filing also
fails to address the legal queries raised in the
show cause order.

claims under the FTCA. *See* 39 C.F.R. §§ 912.1–912.14 (1994).[2]

It is clear from the record that Plaintiff has not pursued this administrative avenue of relief. The record contains a Form 95 completed by the plaintiff and attached as an exhibit to a pleading and motion filed by him. There is, however, nothing to show that the plaintiff has submitted this form to a Postal Service office or to the Assistant General Counsel, Claims Division, U.S. Postal Service, Washington, D.C. 20260. Nor does the record demonstrate that the Postal Service has received and denied this administrative claim. Thus, the plaintiff has not met the jurisdictional prerequisite of exhausting his administrative remedies before filing suit. The court has no choice but to dismiss the suit without prejudice.

IT IS THEREFORE ORDERED that this action is dismissed without prejudice.

**2.** A claim must be presented within two years of its accrual, and the suit must be filed within six months after notice by certified or registered mail of the Postal Service's final denial of the claim. 39 C.F.R. § 912.3. "A claim is usually filed with the postmaster of the office within the delivery limits of where the accident happened, but may be filed at any office of the Postal Service, or sent directly to the Assistant General Counsel, Claims Division, U.S. Postal Service, Washington, DC 20260." 39 C.F.R. 912.4. The regulations within Part 912 specify the form of the administrative claim, what evidence and information to be submitted with the claim, and the procedure for the Postal Service's final denial of an administrative claim.