**Debra DENNEY, Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

**Civil A. No. 95–2035–GTV.**

United States District Court,
D. Kansas.

Feb. 5, 1996.

George E. Mallon, George E. Mallon, P.A., Kansas City, KS, for plaintiff.

Christina L. Morris, Office of United States Attorney, Kansas City, KS, for defendant.

## *MEMORANDUM AND ORDER*

VAN BEBBER, Chief Judge.

This case is before the court upon defendant United States Postal Service's motion for summary judgment (Doc. 16). For the reasons stated below, the motion is granted.

### *I. Background*

Plaintiff Debra Denney alleges that on August 4, 1992, she fell after exiting the post office located at 3115 North 51st Street, Kansas City, Kansas, which is known as the Robert L. Roberts Station. Denney contends a hole in the sidewalk and its unevenness caused her to fall. As a result of the fall, the plaintiff maintains she has suffered permanent injury to her right knee. Denney has undergone three surgeries on the knee.

The plaintiff has filed a negligence suit against the United States Postal Service pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* She claims that the defendant's negligence and carelessness in maintaining its sidewalks at the Robert L. Roberts Station caused her injury. Denney seeks actual damages in the amount of $500,000.00. The defendant subsequently filed a motion for summary judgment, arguing that any defect in the sidewalk is slight and not actionable negligence under Kansas law.

### *II. Jurisdiction*

Although the defendant does not raise the defense, this court's subject matter jurisdiction is in question. "[E]very federal court,

whether trial or appellate, is obliged to notice want of subject matter jurisdiction on its own motion." *Things Remembered, Inc. v. Petrarca,* — U.S. —, — n. 1, 116 S.Ct. 494, 499 n. 1, 133 L.Ed.2d 461 (1995) (Kennedy, J., concurring); *see Hardiman v. Reynolds,* 971 F.2d 500, 502 (10th Cir.1992) ("[A] court must raise a defense sua sponte if that defense implicates the court's subject matter jurisdiction."); *Tafoya v. United States Dep't of Justice,* 748 F.2d 1389, 1390 (10th Cir. 1984) ("Insofar as subject matter jurisdiction is concerned, it has long been recognized that a federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings and the court is not bound by the acts or pleadings of the parties.").

■ The United States Postal Service is not a proper defendant is an action brought pursuant to the Federal Tort Claims Act, which does not permit a plaintiff to sue an agency in its own name. Only the United States is a proper defendant in such an action. Naming the proper defendant is a jurisdictional prerequisite to asserting a claim under the Federal Torts Claims Act.[1] *See* 28 U.S.C. §§ 1346(b), 2679(a); *Duvall v. United States Dep't of Agric.,* 1996 WL 10905 (10th Cir.1996); *Gibson v. O'Brien,* No. 88–3129, 1991 WL 50294 (D.Kan. Mar. 6, 1991); *see also Martinez v. United States Post Office,* 875 F.Supp. 1067, 1072–73 (D.N.J.1995); *Valluzzi v. United States Postal Serv.,* 775 F.Supp. 1124, 1125 (N.D.Ill.1991); *Anderson v. Bailar,* 459 F.Supp. 792, 793 (M.D.Fla. 1978), *aff'd,* 619 F.2d 81 (5th Cir.), *cert. denied,* 449 U.S. 956, 101 S.Ct. 364, 66 L.Ed.2d 221 (1980); *McNair v. United States Postal Serv.,* 446 F.Supp. 1156, 1157 (C.D.Cal.1978).

Here, the plaintiff has named the United States Postal Service as the only defendant. Although the United States Postal Service admits jurisdiction in its answer, "lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation." *Tuck v. United Serv. Auto. Ass'n,* 859 F.2d 842, 844 (10th Cir.1988) (quoting *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974)), *cert. denied,* 489 U.S. 1080, 109 S.Ct. 1534, 103 L.Ed.2d 839 (1989). Accordingly, this court lacks subject matter jurisdiction over the case as currently pled.

### III.   Potential Amendment to Name Proper Defendant

■ In the interest of judicial economy, the court will address whether the proper party, the United States, can be added at this point in the proceedings. Because the statute of limitations has run, *see* 28 U.S.C. § 2401(b)[2], Denney presumably would attempt to add the United States pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. Rule 15(c) permits a plaintiff to add a defendant and to have the date of that amendment "relate back" to the filing date of the original action, thereby avoiding statute of limitation concerns. Rule 15(c) requires the new defendant to have received actual notice of the action prior to the statute of limitations running. Actual notice requires the plaintiff to have made service of process upon the United States Attorney or designee. Denney served an Assistant United States Attorney with the original complaint, which was filed timely. It appears the United

---

1. Exhausting administrative remedies also is a jurisdictional prerequisite to bringing an claim under the Federal Tort Claims Act. *See* 28 U.S.C. § 2675(a); *see also McNeil v. United States,* 508 U.S. 106, —, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993); *Pipkin v. United States Postal Serv.,* 951 F.2d 272, 273 (10th Cir.1991); *Williams v. United States Post Office,* 866 F.Supp. 1320, 1320–21 (D.Kan.1994). Denney attached to her complaint documentation that she exhausted administrative measures.

2. This statute governs the statute of limitations for Federal Tort Claims Act actions, *see Pipkin,* 951 F.2d at 274–75; *Gualtier v. United States,*

837 F.Supp. 360, 362 (D.Kan.1993), *aff'd,* 25 F.3d 1057 (10th Cir.1994), and provides:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). Here, the defendant notified plaintiff's counsel by certified letter dated July 22, 1994, that Denney's claim was denied. The plaintiff timely filed suit on January 19, 1995.

States had actual notice of the action prior to the statute of limitations running.

### IV.  Summary Judgment

Because the United States could be added as the proper defendant and that amendment could relate back to the original filing of the complaint, the court will address the merits of the defendant's motion for summary judgment.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue regarding any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). All disputed facts, and reasonable inferences derived from the evidence presented, must be resolved in favor of the nonmoving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986); *Frandsen v. Westinghouse Corp.,* 46 F.3d 975, 977 (10th Cir.1995); *F.D.I.C. v. 32 Edwardsville, Inc.,* 873 F.Supp. 1474, 1479 (D.Kan.1995). Here, the material facts are not disputed.

Under the Federal Tort Claims Act, the United States is liable in tort "in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674, "in accordance with the law of the place where the act or omission occurred," 28 U.S.C. § 1346(b). The court "look[s] to the law of the state in which the alleged tortious activity occurred to resolve questions of liability under the [Federal Tort Claims Act]." *Ayala v. United States,* 49 F.3d 607, 611 (10th Cir.1995); *see Franklin v. United States,* 992 F.2d 1492, 1495 (10th Cir.1993). As the defendant has suggested, Kansas negligence law governs this action.

■ The defendant argues the sidewalk irregularity that Denney claims caused her fall is slight and therefore not actionable negligence in Kansas. The defendant contends it is not required to keep sidewalks in perfect condition. Rather, "[i]ts duty is to maintain [sidewalks] in a reasonably safe condition for public use." *Roach v. Henry C. Beck Co.,* 201 Kan. 558, 560, 442 P.2d 21 (1968).

Under Kansas law, "[s]light variances or imperfections in sidewalk surfaces are not sufficient to establish actionable negligence in the construction or maintenance of sidewalks."[3] *Sepulveda v. Duckwall–Alco Stores, Inc.,* 238 Kan. 35, ¶ 1, 708 P.2d 171 (1985). "Sometimes an imperfection in a walk may be of such a character that the court can say, as a matter of law, that it does not constitute an actionable defect." *Taggart v. Kansas City,* 156 Kan. 478, 481, 134 P.2d 417 (1943). Whether a defect constitutes actionable negligence depends upon the facts and circumstances of each case. *Id.*

Numerous Kansas decisions have addressed imperfections in sidewalks, holding that the alleged defect was slight and therefore not actionable. *See Sepulveda,* 238 Kan. at 37, 708 P.2d 171 (1 inch "drop-off in a sidewalk"); *Green v. Steward,* 216 Kan. 720, 720, 533 P.2d 1240 (1975) (per curiam) (corner of concrete sidewalk protruded ¼ inch above rest of sidewalk); *Roach,* 201 Kan. at 558, 442 P.2d 21 (plywood board, roughly ¾ inch thick and 3 feet square, covering sidewalk hole); *Pierce v. Jilka,* 163 Kan. 232, 234, 181 P.2d 330 (1947) (door mat on sidewalk measured 1 inch thick, 24–29 inches long, and 18–19 inches wide); *Taggart,* 156 Kan. at 482, 134 P.2d 417 (3–inch "step-down" between sidewalk slabs); *Blankenship v. Kansas City,* 156 Kan. 607, 612, 135 P.2d 538 (1943) (brick sidewalk missing 6–8 bricks, leaving depression 2 inches deep and 14–16 inches square); *Biby v. City of Wichita,* 151 Kan. 981, 983, 101 P.2d 919 (1940) (flat piece of steel loose on sidewalk covered rain gutter; piece of steel weighed 60–125 pounds and measured ¼ inch thick, 12 feet long, and 10½ inches wide). Although the dimensions of the irregularity are the most important factor in determining the actionability of the defect, other factors can come into play.

---

**3.** "The adoption of comparative negligence does not alter the rule of non-actionability for slight sidewalk defects. Where there is no actionable defect, there is no negligence as a matter of law and plaintiff's negligence, or lack of it, is irrelevant." *Sepulveda,* 238 Kan. 35, ¶ 2, 708 P.2d 171.

*Roach,* 201 Kan. at 561–62, 442 P.2d 21. The location of the defect, the sidewalk's prior use and use at the time of the accident, and whether the defect has caused prior accidents are factors the Kansas Supreme Court has considered. *Sepulveda,* 238 Kan. at 38–39, 708 P.2d 171; *Taggart,* 156 Kan. 478, ¶ 2, 481, 134 P.2d 417.

This court recently applied the "slight defect" rule. In *Denner v. N–F Properties, Inc.,* No. 94–1312, 1995 WL 333128 (D.Kan. May 22, 1995), the plaintiff claimed a sidewalk defect caused her fall. The irregularity "ran along a seam between two concrete slabs" and measured about "an inch to two inches deep, eight to ten inches long, and three to four inches wide at its widest point." 1995 WL 333128, *1. The defect was a few feet from the main entrance to the grocery store. Although the plaintiff did not see the defect on the day she fell, she had noticed the sidewalk irregularity without mishap on previous visits to the store. The plaintiff presented no evidence that the defect had caused other accidents. The grocery store owners knew that sidewalk defects developed over time and attempted to repair them. The court concluded the defect was slight and therefore not actionable negligence. The court reasoned that the dimensions of the irregularity were less than those found in *Taggart* and *Blankenship* and that the facts of the case indicated the sidewalk was reasonably safe for use.

Here, the alleged sidewalk defect concerns both a hole and unevenness. According to a diagram Denney's husband prepared, two large concrete slabs are located between the steps to the entrance and the curbing next to the parking lot. Located at the seam of the curb and the two sidewalk slabs, the hole measured one to two inches deep, three to four inches long, and three to four inches wide.[4] With regard to unevenness, the plaintiff states there was approximately one-half to one inch difference in the height of the abutting sidewalk slabs.

Denney fell on a warm, sunny afternoon. She does not know how long the defect existed before her fall. United States Postal Service employees conducted visual inspections of the premises at the Robert L. Roberts Station two months prior and eight months subsequent to the plaintiff's fall; neither inspection report noted the defect. There is no evidence the defect caused previous accidents.

■ The court has reviewed the photographs of the sidewalk irregularity that the plaintiff attached to her response. Based upon the photographs and Kansas case law, the court finds the defect to be slight and nonactionable. The dimensions of the defect at issue are less than those found in *Blankenship* and *Denner.* Additionally, the facts and circumstances do not dictate a different result. Even assuming the defect caused Denney's fall and resulting knee problems, the defendant is not liable as a matter of law.[5]

IT IS, THEREFORE, BY THE COURT ORDERED that defendant United States Postal Service's motion for summary judgment (Doc. 16) is granted.

**IT IS SO ORDERED.**

---

4. The dimensions stated in the text are pursuant to the deposition testimony of the plaintiff and her husband. An investigator for the defendant measured the hole approximately one year after the plaintiff fell and reported the measurements as 3.5 inches long, 3.5 inches wide, and 2 inches deep.

5. Denney does not allege that United States Postal Service employees created the hole. If she had, a different result might be in order. The "slight defect" rule does not apply in cases in which the defendant's negligence causes the irregularity in the sidewalk. "In that case, the negligence is actionable regardless of whether or not the irregularity is a slight defect." *Lyon v. Hardee's Food Sys., Inc.,* 250 Kan. 43, ¶ 2, 824 P.2d 198 (1992).