Richard Lee **BEAMS**, Plaintiff,

v.

Gale **NORTON**, Secretary of the Interior, Defendant.

No. 03–4072–JAR.

United States District Court, D. Kansas.

July 30, 2004.

---

See also 93 Fed.Appx. 211.

Richard Lee Beams, Sunnyside, WA, Plaintiff Pro Se.

Jackie A. Rapstine, Office of United States Attorney, Topeka, KS, for Defendant.

### MEMORANDUM ORDER AND OPINION GRANTING MOTION TO DISMISS INDIAN PREFERENCE ACT CLAIM

ROBINSON, District Judge.

This comes before the Court on defendant's motion to dismiss or for summary judgment on plaintiff's Indian Preference Act Claim. (Doc. 41). Because the Indian Preference Act does not confer a private right of action, and because the United States has not waived sovereign immunity, the Court lacks subject matter jurisdiction over this claim. Furthermore, plaintiff fails to state a claim for relief because he has failed to properly assert or plead a claim for non-monetary relief. Thus, this claim is dismissed.

**Background**

This is an action brought by plaintiff Richard Lee Beams, pro se, under Title VII of the Civil Rights Act of 1964, alleg-

ing employment discrimination (failure to employ and retaliation) on the basis of race or color (American Indian) and sex (male) and further under the Age Discrimination in Employment Act.[1] Plaintiff complains of four discrete employment actions: a reverse sex discrimination claim arising from his resignation as Soil Conservationist in Horton, Kansas (BIA Complaint # 91–031); a retaliation claim arising out of plaintiff's unsuccessful demand that he be placed back in the Soil Conservationist position (BIA Complaint # 94–052); a claim for failure to employ based on race, age and retaliation, concerning plaintiff's 1994 application for another Soil Conservationist position (BIA Complaint # 95–027); and a claim for failure to employ based on race, age and retaliation concerning plaintiff's 1998 application for a Superintendent position. In an order entered February 26, 2004, United States Magistrate Judge K. Gary Sebelius granted in part plaintiff's leave to amend the complaint, ordering that plaintiff's complaint as related to BIA Complaint 95–027, be treated "as including a claim under the Indian Reorganization Act of 1934, also known as the Wheeler–Howard Act, 25 U.S.C. § 461 *et seq.*" Defendant then moved to dismiss or for summary judgment on this discrete claim.[2]

## Pro Se Plaintiff

 Because plaintiff appears pro se, the court must remain mindful of additional considerations. A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than pleadings drafted by lawyers.[3] Thus, if a pro se plaintiff's complaint can reasonably be read "to state a valid claim on which the plaintiff could prevail, it [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[4] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[5] For that reason, the court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[6] nor should it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."[7]

## Discussion

Plaintiff claims that defendant engaged in race and age discrimination, and retaliation in failing to hire him for a Soil Conservationist position he applied for in 1994 (BIA Complaint # 95–027). Plaintiff further asserts that "a non-indian preference applicant was hired which violated the age and Indian Preference requirements." In 1934, Congress passed the Indian Reorganization Act, which is codified at 25 U.S.C. § 461, *et seq.* The Indian Preference Act ("IPA")[8] is part of the Indian Reorganization Act ("IRA"). Defendant moves to dismiss for lack of subject matter jurisdiction on the premise that the IPA does not

---

**1.** 29 U.S.C. § 621 *et seq.*

**2.** Defendant has also moved for summary judgment on all claims (Doc. 29), including the claim at issue in this motion. The Court addresses the summary judgment motion in a separate order.

**3.** *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991) (citing *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).

**4.** *Id.*

**5.** *Id.*

**6.** *Drake v. City of Fort Collins,* 927 F.2d 1156, 1159 (10th Cir.1991) (citations omitted).

**7.** *Whitney v. State of New Mexico,* 113 F.3d 1170, 1173–74 (10th Cir.1997) (citing *Hall,* 935 F.2d at 1110).

**8.** 25 U.S.C. § 472 *et seq.*

give rise to a private cause of action or private remedy and that defendant has not waived sovereign immunity with respect to any claim for monetary damages. Defendant also moves to dismiss for failure to state a claim.

### Dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction

 Since federal courts are courts of limited jurisdiction, there is a strong presumption against federal jurisdiction.[9] A court lacking subject matter jurisdiction "must dismiss the case at any stage of the proceeding in which it becomes apparent that such jurisdiction is absent."[10] When a defendant brings a Rule 12(b)(1)[11] motion to dismiss for lack of subject matter jurisdiction, the plaintiff must carry the burden of proving jurisdiction.[12]

Defendant first argues that the Court lacks subject matter jurisdiction, because the IPA does not confer a private right of action, nor a private remedy, to a private individual. Only Congress can create such a private right.[13]

 In order to infer Congressional intent to create a private cause of action, a court must employ the four factor test dictated by the Supreme Court in *Cort v. Ash:*[14] (1) whether plaintiff is part of the class for whose benefit the statute was enacted; (2) whether there is any indication of legislative intent, explicit or implicit, either to create or deny a private right

of action; (3) whether it would be consistent with the underlying purpose of the legislative scheme to imply a private right of action; and (4) whether the cause of action is one traditionally relegated to state law, so that it would be inappropriate to infer a cause of action based solely on federal law.[15]

In the years following its decision in *Cort,* the Supreme Court has emphasized and given most weight to the second factor, congressional intent.[16] Congress did not explicitly express such an intent in the statute itself, which states:

> The Secretary of Interior is directed to establish standards of health, age, character, experience, knowledge, and ability for Indians who may be appointed to the various positions maintained, now or hereafter, by the Indian Office, in the administration of functions or services affecting any Indian tribe. Such qualified Indians shall hereafter have the preference to appointment to vacancies in any such positions.[17]

Congress can express its intent either explicitly, or by implication. As the Tenth Circuit recently noted in *Boswell v. Skywest Airlines, Inc.,*[18] the test for determining if a statute creates a private cause of action has been "effectively condensed into one-whether Congress expressly or by im-

---

9. *Penteco Corp. Ltd. Partnership—1985A v. Union Gas System, Inc.,* 929 F.2d 1519, 1521 (10th Cir.1991).

10. *Id.* (quoting *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir.1974)).

11. Fed. R. Civ.P. 12(b)(1).

12. *Mounkes v. Conklin,* 922 F.Supp. 1501, 1505 (D.Kan.1996).

13. *Alexander v. Sandoval,* 532 U.S. 275, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001)( Like substantive federal law itself, private rights of

action to enforce federal law must be created by Congress).

14. 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975).

15. *Id.* (citations omitted).

16. *See, e.g., Touche Ross & Co. v. Redington,* 442 U.S. 560, 578, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979).

17. 25 U.S.C. § 472.

18. 361 F.3d 1263 (10th Cir.2004).

plication, intended to create a private cause of action."[19] Thus:

> The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy. Statutory intent on this latter point is determinative. Without it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute.[20]

The Supreme Court has already analyzed the legislative history and Congressional intent associated with implementation of the IPA. In *Morton v. Mancari*,[21] the Supreme Court reviewed the legislative history of Indian preferences leading up to and culminating in the IPA, 25 U.S.C. § 472, which is also referred to as Section 12 of the Indian Reorganization Act of 1934(IRA), which is also known as the Wheeler–Howard Act, 25 U.S.C. § 461, *et seq.*[22] In reviewing the legislative history of the IRA, the Supreme Court noted that:

> The purpose of these preferences, as variously expressed in the legislative history, has been to give Indians a greater participation in their own self government; to further the Government's trust obligation toward the Indian tribes; and to reduce the negative effect of having non-Indians administer matters that affect Indian tribal life. The preference directly at issue here was enacted as an important part of the sweeping Indian Reorganization Act of 1934. The overriding purpose of that particular Act was to establish machinery whereby Indian tribes would be able to assume a greater degree of self government, both politically and economically. Congress was seeking to modify the then-existing situation whereby the primarily non-Indian-staffed BIA had plenary control, for all practical purposes, over the lives and destinies of the federally recognized Indian tribes.

> . . . . .

> One of the primary means by which self-government would be fostered and the Bureau made more responsive was to increase the participation of tribal Indians in the BIA operations. In order to achieve this end, it was recognized that some kind of preference and exemption from otherwise prevailing civil service requirements was necessary.

> . . . . .

> Congress was well aware that the proposed preference would result in employment disadvantages within the BIA for non-Indians. Not only was this displacement unavoidable if room were to be made for Indians, but it was explicitly determined that gradual replacement of non-Indians with Indians within the Bureau was a desirable feature of the entire program for self-government.[23]

While this legislation's purpose was to increase the participation of Indians administering matters affecting Indian tribal life, nothing in its legislative history suggests that its purpose was to benefit individual Indian job applicants. Rather, this legislation's purpose was to advance self-government among Indian tribes. The Bureau of Indian Affairs (BIA), an agency of the United States Department of Interior that had been staffed by primarily non-

---

**19.** *Id.* at 1267 (citations omitted).

**20.** *Id.* (quoting *Sandoval,* 532 U.S. at 286–87, 121 S.Ct. 1511).

**21.** 417 U.S. 535, 94 S.Ct. 2474, 41 L.Ed.2d 290 (1974).

**22.** *Id.* at 537, 94 S.Ct. 2474.

**23.** *Id.* at 541–44, 94 S.Ct. 2474 (citations omitted).

Indians, would become an agency run by Indians.[24] To that end, the Secretary of the Interior has implemented regulations pursuant to the IRA that pertain to the BIA.[25] Part 5 of these regulations relate to Indian Preference in employment.[26]

One instructive case, concerning a similar statute, is *Solomon v. Interior Regional Housing Authority.*[27] In *Solomon*, the Ninth Circuit, in applying the second *Cort* factor, found no explicit or implicit Congressional intent to protect Indian job applicants, in employment preference provisions of the Indian Self–Determination and Education Assistance Act (ISDEAA), 25 U.S.C. § 450e(b).[28] In *Solomon*, the plaintiff was a Native Alaskan seeking monetary damages for a claimed violation of the Indian preference provisions when the Native Alaskan housing authority hired a non-Indian instead of him. The housing authority was federally funded and subject to the provisions of the ISDEAA. The Ninth Circuit found no Congressional intent to provide a private cause of action to a disappointed Indian job applicant. Rather, "Congress intended to allow Indian people and tribes greater freedom in self-governance at the tribal or community level, not to confer individual rights on individual Indians."[29]

There is simply nothing in the legislative history of the IRA and IPA from which a private right of action can be inferred or implied. Not only is there no explicit creation of a private right of action in either the IPA or IRA, there is no explicit or implicit creation of a remedy for an individual claiming a violation of the IPA. Plaintiff is, therefore, precluded from pursuing a claim for violation of the IPA in this case, and that claim must be dismissed.

■ For other reasons, this claim must be dismissed for lack of subject matter jurisdiction. Plaintiff's IPA claim is an action for monetary damages against the Secretary of Interior in her official capacity, and, as such, the action must be construed as one actually brought against the United States.[30] Instead of naming the United States as a defendant, plaintiff has improperly named the head of an agency as the defendant. The only proper defendant, if any, would be the United States.[31] Thus, plaintiff has failed to assert a claim against the proper party, and his claim against the Secretary of Interior must be dismissed.

■ Moreover, it is well established that the United States is immune from suit except as it consents to be sued.[32] Any waiver of sovereign immunity must be strictly construed.[33] The terms of consent to be sued in any court define that court's jurisdiction to entertain the suit.[34]

---

24. *See Mescalero Apache Tribe v. Hickel,* 432 F.2d 956 (10th Cir.1970), *cert.denied,* 401 U.S. 981, 91 S.Ct. 1195, 28 L.Ed.2d 333 (1971).

25. *See* 5 C.F.R. § 1.2, *et seq.*

26. *See* 5 C.F.R. § 5.1, *et seq.*

27. 313 F.3d 1194 (9th Cir.2002).

28. *Id.* at 1196–98.

29. *Id.* at 1198.

30. *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

31. *See Denney v. United States Postal Service,* 916 F.Supp. 1081, 1083 (D.Kan.1996).

32. *United States v. Orleans,* 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976).

33. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980), *reh'g denied,* 446 U.S. 992, 100 S.Ct. 2979, 64 L.Ed.2d 849 (1980).

34. *Id.*

A court has no subject matter jurisdiction over the United States unless a specific statute waives its sovereign immunity.[35] Such waiver must be "unequivocally expressed."[36] Plaintiff has not shown, nor responded to defendant's showing that the United States has not waived its sovereign immunity in an action brought under the IPA; the IPA does not equivocally or "unequivocally express" a waiver. Furthermore, the bar of sovereign immunity cannot be avoided simply by naming employees of the United States as defendants.[37] Nor do the Age Discrimination in Employment Act or Title VII confer jurisdiction over an independent claim of violation of the IPA. Accordingly, this additional jurisdictional flaw requires dismissal of plaintiff's IPA claim.

### Motion to Dismiss under Rule 12(b)(6) for failure to state a claim

Defendant further moves to dismiss for failure to state a claim because plaintiff has failed to properly plead or assert a claim for non-monetary relief under the IPA, and because plaintiff's Complaint actually states a claim for a suitability determination, for which review is vested exclusively in the Merit Systems Protection Board. The Court need not decide these issues, for "[w]hen a defendant seeks dismissal under Rule 12(b)(1) and 12(b)(6) in the alternative, the court must decide first the 12(b)(1) motion for the 12(b)(6) challenge would be moot if the court lacked subject matter jurisdiction."[38] Nevertheless, the Court has determined that these claims are subject to dismissal under Rule 12(b)(6).

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."[39] Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."[40] "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."[41] On a Rule 12(b)(6) motion, the court judges the sufficiency of the complaint accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff.[42] The court construes the allegations in the light most favorable to the plaintiff.[43] These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged."[44] "[I]f the

**35.** *Lehman v. Nakshian,* 453 U.S. 156, 160, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981).

**36.** *Mitchell,* 445 U.S. at 538, 100 S.Ct. 1349.

**37.** *See Ecclesiastical Order of the Ism of Am, Inc. v. Chasin,* 845 F.2d 113, 115 (6th Cir. 1988).

**38.** *Mounkes v. Conklin,* 922 F.Supp. at 1506 (citation omitted).

**39.** Fed.R.Civ.P. 12(b)(6).

**40.** *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (citation omitted).

**41.** *Mounkes,* 922 F.Supp. at 1506 (quotation omitted).

**42.** *Shaw v. Valdez,* 819 F.2d 965, 968 (10th Cir.1987).

**43.** *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991).

**44.** *Associated General Contractors v. California State Council of Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983) (footnote omitted).

facts narrated by the plaintiff 'do not at least outline or adumbrate' a viable claim, his complaint cannot pass Rule 12(b)(6) muster." [45]

While the defendant has not waived sovereign immunity with respect to claims for monetary relief under the IPA, the defendant acknowledges that "[i]f there is any right to proceed with an individual claim against an agency of the United States pursuant to the Indian Preference Act, it must proceed as one for nonmonetary relief pursuant to the Administrative Procedures Act . . . ." [46] If the Court had subject matter jurisdiction of plaintiff's claim under the IPA, plaintiff could only proceed with a nonmonetary claim for judicial review of a final agency action. For example, in *Mescalero Apache Tribe v. Hickel*,[47] plaintiffs involved in a *reduction in force*, claimed that they were entitled to an employment preference under the IPA. The court found that it had jurisdiction pursuant to 5 U.S.C. § 704, as this was a judicial review of final, *nondiscretionary* agency action.[48] This basis for jurisdiction does not preserve plaintiff's claim, however, for he does not assert a claim for nonmonetary relief pursuant to the APA. Even under that liberal pleading standard, plaintiff's complaint is fatally defective. Plaintiff's complaint does not hint at a basis for jurisdiction under the APA. Moreover, not only has plaintiff failed to assert and plead jurisdiction under the APA, he has failed to assert or plead that the defendant's *failure to hire* him was a final *nondiscretionary*, agency decision, for which he now seeks judicial review. For all of these reasons, the Court grants the defendant's motion to dismiss plaintiff's IPA claim.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Dismiss or for Summary Judgment on Plaintiff's Indian Preference Act Claim (Doc. 41) **is GRANTED.**

**IT IS SO ORDERED.**

---

**45.** *Mounkes v. Conklin*, 922 F.Supp. at 1506 (citing *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir.1988) (quotation omitted)).

**46.** 5 U.S.C. § 551 *et seq.*

**47.** 432 F.2d 956 (10th Cir.1970). *See also McAlpine v. United States*, 112 F.3d 1429 (10th Cir.1997) [Department of Interior decision under Indian Reorganization Act is subject to judicial review under the APA and a failure to follow regulations is challengeable under the APA]; *Mescalero Apache Tribe v. Rhoades*, 755 F.Supp. 1484 (D.N.M.1990) [Jurisdiction under the APA of plaintiff's IPA claims, as a judicial review of a final agency action denying plaintiff's grievance challenging the Indian Health Service's area director's order that plaintiff resign his tribal council seat.] *Also see Dionne v. Shalala*, 209 F.3d 705, n. 3 (8th Cir.2000) (Eighth Circuit declined to consider Title VII plaintiff's independent IPA claim, in part because plaintiff did not seek administrative review of agency decision).

**48.** *Id.* at 958–59.