No. 56,101

FREDA SEPULVEDA, *Appellant,* v. DUCKWALL-ALCO STORES, INC.,
ELWOOD C. TOBIAS, GERTRUDE L. WASSBERG, and THE CITY OF
LYONS, KANSAS, a Municipal Corporation, *Appellees.*

(708 P.2d 171)

Opinion filed October 25, 1985.

*Arthur C. Hodgson,* of Hodgson & Kahler, of Lyons, argued the cause and was on the brief for appellant.

*Jerry M. Ward,* of Ward & Berscheidt, of Great Bend, argued the cause and was on the brief for appellees Tobias and Wassberg.

*Casey R. Law* and *Raymond L. Dahlberg,* of Turner and Boisseau, Chartered, of Great Bend, were on the brief for appellee City of Lyons.

The opinion of the court was delivered by

HERD, J.: This is a damage suit for personal injuries arising out of a fall on a defective sidewalk. The trial court granted summary judgment to the defendants and this review follows the Court of Appeals' decision in an unpublished decision filed May 2, 1985, which reversed the trial court and remanded the case for trial.

The facts are as follows: On the afternoon of August 18, 1979, the appellant, Freda Sepulveda, went to the Duckwall-Alco store in Lyons to purchase a birthday card. The store is located on the town square. After making her purchase, she left the store

through its north exit. She walked out the door, traveled a few steps, and fell. Ms. Sepulveda attributed her fall to a sunken section in the sidewalk. She testified in her deposition that the time of her fall was between 1:00 and 3:30 p.m. on a clear, sunny day.

Ms. Sepulveda also stated that when she came out of the store, she was carrying a handbag and the birthday card, and nothing was blocking her vision or distracting her attention.

Ms. Sepulveda was familiar with the sidewalk in front of the store, having been there many times prior to the day in question, but she had never noticed the unevenness of the sidewalk in front of the north door.

The deposition testimony of the witnesses who observed the sidewalk irregularity was to the effect that the sunken area in the sidewalk was no more than one inch. Other testimony revealed no one had ever reported tripping on the unevenness before.

On August 14, 1981, Ms. Sepulveda filed this action against Duckwall-Alco Stores, Inc.; Elwood Tobias and Gertrude Wassberg, co-owners and lessors of the building in which the Duckwall store was located; and the City of Lyons. She seeks damages for permanent disability, pain and suffering, and past and future medical expenses.

The discovery testimony revealed that the sidewalk in front of the Duckwall store was city property. However, Lyons city ordinances required abutting property owners to keep the sidewalks clean and in good repair.

In early 1970, the federally funded Lyons Urban Renewal Agency replaced a portion of the sidewalk running in front of the Duckwall store in order to install a sewer and drainage system. The sidewalk was initially even, but due to compaction settled all along the block after the Urban Renewal project.

In 1976, appellee, Elwood Tobias, had some of the concrete slabs in front of the Duckwall store replaced. He paid the bill for the replacement, but was later reimbursed by the City for 75% of the costs.

After the repair in 1976, the walk slowly became uneven again. One section, four feet north of the north door to Duckwall's, had sunk approximately one inch.

At some time, the Duckwall manager and the Lyons City Administrator spray-painted red lines along the uneven slabs

and red X's on the slabs needing to be replaced. The testimony is conflicting as to whether the sidewalk was painted before or after appellant's fall.

In 1980, the City again repaired the sidewalk. The City did not consult with either Mr. Tobias or Duckwall-Alco Stores, Inc. about the repair work and did not submit the bill to them. The last repair revealed an old, open stairwell under the sinking slab.

At the conclusion of discovery, the trial court granted summary judgment to appellees. The trial court relied primarily on our holding in *Taggart v. Kansas City,* 156 Kan. 478, 134 P.2d 417 (1943), and held as a matter of law "that defects in sidewalks of the nature and extent involved in this case are not actionable."

The Court of Appeals noted in its opinion that all of the cases cited by appellees concern causes of action accruing prior to July 1, 1974, the effective date of the comparative negligence statute, K.S.A. 60-258a, and its elimination of contributory negligence as a complete defense. Additionally, the Court of Appeals emphasized this court's statement in *Taggart*:

"The facts of the particular situation, and the circumstances shown by the evidence with respect to [the walk's] use, are matters which must be taken into account, and for this purpose each case must depend upon its own facts and circumstances." 156 Kan. at 481.

The Court of Appeals refused to find the approximate one-inch "stepdown" was a slight and inconsiderable defect not actionable at law, and reversed and remanded the case for trial on the theory an unresolved question of fact was presented.

We granted review.

The sole issue in this case is whether the trial court erred in holding a one-inch drop-off in a sidewalk does not constitute an actionable defect as a matter of law.

The trial court in granting summary judgment determined that:

"[T]he sidewalk defect existing on August 18, 1979, in front of the defendant Duckwall store in the City of Lyons, Kansas, is not actionable as a matter of law, and that as a result thereof, there exists no genuine issue as to any material fact."

Appellant argues the trial court's grant of summary judgment was error because questions of negligence are questions for the jury to decide. While that is true, it is also a rule in Kansas that slight variances in the level of sidewalk surfaces, whether caused by projections, depressions or otherwise, are not sufficient to

establish actionable negligence in the construction or mainte-
nance of the sidewalk. *Biby v. City of Wichita,* 151 Kan. 981, 101
P.2d 919 (1940).

The rule of non-actionability for slight defects has been con-
sistently upheld and applied in a number of Kansas cases. See,
e.g., *Green v. Steward,* 216 Kan. 720, 533 P.2d 1240 (1975)
(corner of concrete slab one-fourth inch higher than rest of
sidewalk); *Roach v. Henry C. Beck Co.,* 201 Kan. 558, 442 P.2d
21 (1968) (plywood board three-fourths inch thick and three feet
square covering hole in sidewalk); *Pierce v. Jilka,* 163 Kan. 232,
181 P.2d 330 (1947) (eighteen inch by twenty-four inch by one
inch doormat located at entrance to hotel); *Slaton v. Union
Electric Ry. Co.,* 158 Kan. 132, 145 P.2d 456 (1944) (three-inch
depression in brick road immediately adjacent to railway track).

It is important to note the same rule applies in actions against
an individual or private corporation alleged to have created or
maintained a defect in the sidewalk. *Roach v. Henry C. Beck Co.,*
201 Kan. at 560; *Pierce v. Jilka,* 163 Kan. at 239.

It was the rule of slight defect non-actionability which was
determinative in *Taggart v. Kansas City,* 156 Kan. 478, the case
relied upon by the trial court in its memorandum decision
granting defendants' motion for summary judgment.

In *Taggart,* the plaintiff brought an action for personal injuries
sustained when she fell on a city sidewalk. The alleged cause of
her fall was a "stepdown" not exceeding three inches from an
irregular slab in the sidewalk. A jury trial resulted in a judgment
for the plaintiff and defendant appealed on the ground that its
demurrer to the plaintiff's evidence should have been sustained.

The court in *Taggart* first set out the two issues on appeal as
follows:

"Was the imperfection in the sidewalk at the place where plaintiff fell so serious
as to be an actionable defect, and was plaintiff negligent in her use of the walk in
such a way as to bar her recovery?" 156 Kan. at 480.

This statement indicates the issue of whether the sidewalk
imperfection constituted an actionable defect was separate and
distinct from the issue of whether plaintiff was contributorily
negligent. Such distinction is significant since appellant here
contends the adoption of comparative negligence in Kansas
requires a reversal of the "actionable defect" rule.

In considering whether the sidewalk irregularity constituted

an actionable defect, the court in *Taggart* held that a city's only duty with respect to its sidewalks is to furnish walks which are reasonably safe for use. The court held:

"In determining whether a sidewalk is reasonably safe for the use of pedestrians its location, the extent of the irregularity therein, its prior use and its use on the occasion in question are matters to be taken into account." Syl. ¶ 2.

The *Taggart* court then determined that the irregularity of the walk as it was used by the plaintiff did not make the walk unsafe for reasonable use and, therefore, the stepdown of not more than three inches was not an actionable defect. This holding was supported by evidence that the walk had been in substantially the same condition for six to eight years prior to plaintiff's fall. Additionally, the walk was situated in a residential section of the city and no one had previously reported tripping or falling because of the alleged defect in the walk.

As in *Taggart*, the sidewalk irregularity in the present case had existed for some two to three years prior to appellant's fall. The three-inch irregularity in *Taggart*, however, was three times as great as the one-inch depression in the present case. Also, like *Taggart*, the evidence in the present case was that no one had previously reported problems because of the sunken sidewalk. In addition, here, Ms. Sepulveda had walked on this sidewalk many times without mishap.

Therefore, the trial court's determination that the one-inch variance in the level of the sidewalk surface was not an actionable defect was supported by the evidence presented and adheres to the rules set out in *Taggart*.

Appellant also contends that even if the rule in *Taggart* is applicable to the present case, the case should be reversed on the basis that it does not comply with modern-day conceptions of the right of the public to be protected from the negligence of governmental entities, store owners and lessors. Appellant cites no authority in support of this argument. We have reexamined the rule set out in *Taggart* and conclude it is just as valid now as when announced. To require a higher degree of care in street and sidewalk maintenance than the current "reasonably safe for use" standard would make such public improvements financially prohibitive, particularly in this state where the wide variation in temperature causes much contraction and expansion of paving material.

The Court of Appeals noted that all of the cases cited as authority by appellees concern causes of action occurring prior to July 1, 1974, the effective date of the comparative negligence statute, K.S.A. 60-258a, and its elimination of contributory negligence as a complete defense.

The Court of Appeals' opinion ignores the distinction which must be made between the actionable defect rule and the issue of plaintiff's negligence. The latter issue cannot be reached until the former is resolved. If there is no actionable defect, there is no negligence and thus nothing to compare.

We find that a sidewalk defect such as the one here is not an actionable defect as a matter of law. Thus, there remains no question of fact for trial and summary judgment was properly granted. We hold the rule in *Taggart* should not be reversed.

The judgment of the trial court is affirmed and the decision of the Court of Appeals is reversed.