(3 P.3d 89)

No. 83,325

GAIL BARNETT-HOLDGRAF, *Appellant*, v. MUTUAL LIFE
INSURANCE COMPANY OF NEW YORK, *Appellee*.

—

Opinion filed
March 24, 2000.

*Don A. Peterson*, of Kansas City, Missouri, for the appellant.

*John R. Weist* and *Barry W. McCormick*, of McCormick, Adam & Long, P.A.,
of Overland Park, for the appellee.

Before KNUDSON, P.J., PIERRON, J., and VAN HAMPTON, District
Judge, assigned.

PIERRON, J.: In this slip and fall case, Gail Barnett-Holdgraf
appeals the district court's granting of summary judgment in favor
of Mutual Life Insurance Company of New York (Mutual Life).
She argues the district court erred in applying the slight defect rule
and that the evidence does not support a decision in favor of Mu-
tual Life under the rule.

On April 23, 1996, Barnett-Holdgraf fell on a sidewalk located
between two commercial office buildings in Johnson County
owned by Mutual Life. Barnett-Holdgraf works for a tenant located
in the building at 9350 Metcalf. On that day, she left her building
out the front door and walked on the front sidewalk to the 9300
Metcalf building next door. After a meeting, she elected to leave
the 9300 Metcalf building through the back door and take the back
sidewalks connecting the two buildings.

The fall occurred at the junction of two large slabs of sidewalk.
Barnett-Holdgraf took multiple pictures of the location within days
after her fall. She placed a quarter in the hole where she fell to
depict the hole's depth. The pictures of the hole with the quarter
in it show half of the coin above the slab of concrete. Mutual Life
argued the depth of the hole could be no more than 1/2 inch at
the point where Barnett-Holdgraf fell. Barnett-Holdgraf cites her
deposition testimony where she explained that the difference in

the elevation of the sidewalk slabs was the depth of a quarter and the hole where she fell was three quarters deep.

Barnett-Holdgraf filed a petition for damages claiming Mutual Life was negligent by failing to protect a sidewalk common area from heaving and crumbling, failing to maintain and repair the uneven and crumbling sidewalk, failing to give adequate and comprehensible warning, and failing to inspect and maintain the sidewalk. Mutual Life answered the petition, asserting Barnett-Holdgraf's claim was barred by the slight defect rule.

Mutual Life filed for summary judgment based on the slight defect rule. In her answer, Barnett-Holdgraf admitted 10 of the 13 uncontroverted facts in Mutual Life's statement of uncontroverted facts. She gave a limited admission to one of the remaining facts and for the other two, she only answered "Denied" with no factual or evidentiary support to contradict the uncontroverted facts.

Barnett-Holdgraf listed additional uncontroverted facts in her response including: (1) the sidewalk in question was owned by Mutual Life and not by any public entity; (2) a month prior to her fall, Mutual Life's property manager had inspected the location in question and determined the sidewalk needed repair; (3) there was a delay in getting the sidewalk patched, which occurred shortly after Barnett-Holdgraf's fall; (4) this was the first time Barnett-Holdgraf had walked on the back sidewalks connecting the two buildings; and (5) she claimed that the elevation of the sidewalk slabs in the area where she fell was about the depth of a quarter and the hole in the slab was the depth of three quarters.

The district court granted summary judgment to Mutual Life. The court found that Barnett-Holdgraf had failed to contradict any of the uncontroverted facts in Mutual Life's motion for summary judgment; finding the bald unsupported statement "Denied" was insufficient. The court also found the additional facts set forth by Barnett-Holdgraf were immaterial to the application of the slight defect rule. The court concluded the slight defect rule applied to the private landowner. The court then ruled the alleged defect in the sidewalk at issue was slight and not sufficient to establish actionable negligence.

Barnett-Holdgraf argues the slight defect rule does not apply in this case because the incident took place on a private sidewalk and not a public sidewalk.

Whether the slight defect rule applies to private sidewalks is a question of law over which an appellate court has unlimited review. See, *e.g.*, *McGee v. Chalfant*, 248 Kan. 434, Syl. ¶ 3, 806 P.2d 980 (1991) (the existence of a legal duty is a question of law over which an appellate court exercises unlimited review).

The slight defect rule for sidewalks has been in effect for municipalities since the Kansas Supreme Court decided *Ford v. City of Kinsley*, 141 Kan. 877, 44 P.2d 255 (1935). The rule exemplifies the basic negligence formula—a risk-utility analysis in which the risk inherent in a condition is balanced against the utility of the condition and the burden necessary to eliminate or reduce the risk. *Lyon v. Hardee's Food Systems, Inc.*, 250 Kan. 43, 46, 824 P.2d 198 (1992) (quoting Westerbeke and Robinson, *Survey of Kansas Tort Law*, 37 Kan. L. Rev. 1005 [1989]). The court in *Taggart v. Kansas City*, 156 Kan. 478, 480, 134 P.2d 417 (1943), stated a city "is not required to furnish perfect walks. Its only duty in this respect is to furnish walks that are reasonably safe for use. [Citations omitted.] To impose a greater duty upon cities would be to place upon them too great a financial burden." In 1985, the Supreme Court stated that the slight defect rule adopted in *Ford* is just as valid now as when announced. See *Sepulveda v. Duckwall-Alco Stores, Inc.*, 238 Kan. 35, 39, 708 P.2d 171 (1985).

Barnett-Holdgraf argues the slight defect rule is only applicable to public sidewalks. However, she fails to address the language in multiple cases that seemingly hold to the contrary. The *Sepulveda* court expressly stated: "It is important to note the same rule applies in actions against an individual or private corporation alleged to have created or maintained a defect in the sidewalk. *Roach v. Henry C. Beck Co.*, 201 Kan [558, 560, 442 P.2d 21 (1968)]; *Pierce v. Jilka*, 163 Kan. [232, 239, 181 P.2d 330 (1947)]." 238 Kan. at 38.

Barnett-Holdgraf relies heavily on *Richardson v. Weckworth*, 212 Kan. 84, 509 P.2d 1113 (1973), to limit the application of the slight defect rule. In *Richardson*, the court stated: "We agree with

the appellee that the rule pertaining to public sidewalks and city streets should not be universally applied in landlord-tenant litigation." 212 Kan. at 88. Barnett-Holdgraf appears to argue that this statement equates to a holding that the slight defect rule does not apply in *any* landlord-tenant litigation. This is an improper interpretation. *Richardson* concerned a private sidewalk going from a garage to a house. The sidewalk was crumbling and full of pockmarks of various sizes. The holding in *Richardson* was based on the fact that the landlords knew of the defective sidewalk and they had repeatedly promised the tenant they would repair the sidewalks. The *Richardson* court found the slight defect rule did not apply because of the covenant to repair leased premises as adopted by the court in *Williams v. Davis*, 188 Kan. 385, 362 P.2d 641 (1961). Consequently, *Richardson* is obviously distinguishable since the case before the court involves no promise to Barnett-Holdgraf to repair the sidewalk.

Barnett-Holdgraf also relies on *Lyon v. Hardee's Food Systems, Inc.*, 250 Kan. 43, to support a limiting of the slight defect rule. In *Lyon*, the plaintiff tripped and fell over a tree grate in the sidewalk that was raised above the sidewalk approximately 2 or 3 inches. The tree grate was raised above the sidewalk due to the defendant's negligence in replacing rock beneath the grate. *Lyon* does not stand for the proposition that the slight defect rule does not apply to private sidewalks. Rather, *Lyon* stands for the following rule: "The 'slight defect rule' is not applied in cases where the irregularity in the sidewalk is created by the negligent acts of the party against whom recovery is sought. In that case, the negligence is actionable regardless of whether or not the irregularity is a slight defect." 250 Kan. 43, Syl. ¶ 2.

The court in *Lyon* set forth the following generalities concerning the slight defect rule:

"Here, plaintiff's claim is based upon a defect negligently constructed and maintained by the defendant. That defect was caused by the negligent acts of the defendant and not by the acts of nature or the passage of time. The slight defect rule is not intended to shield from liability those who negligently create and maintain a defect in the sidewalk. Its intended function is to limit the liability of those who permit or allow a slight defect not of their own making to remain. The rule

of a slight defect in a sidewalk does not apply where the defect is negligently created and maintained by the defendant." 250 Kan. at 52.

The principles of the slight defect rule set forth in *Ford,* 141 Kan. 877, apply equally to the case of a private sidewalk. See *Hilker v. N.P. Dodge Building Co.,* 184 Neb. 495, 497-98, 168 N.W.2d 701 (1969) (the rules are just as applicable to a private defendant who maintains sidewalks for the benefit of the public, applying similar analysis regardless of whether plaintiff was invitee or licensee). Slight defects are to be expected and, therefore, individuals must protect themselves from injury because of them. The risk inherent in a slight defect in a private sidewalk is outweighed by the utility of the condition and the burden necessary to eliminate or reduce the risk of injury. The difference in the private situation is that the number of sidewalks is not the same as for a city that is responsible for miles of sidewalks, but the utility of the condition and the burden necessary to eliminate the slight defect are still present.

The court in *Hartung v. Maple Invest. & Develop. Corp.,* 243 Ill. App. 3d 811, 815-16, 612 N.E.2d 885 (1993), considered the same question facing this court and found the slight defect rule applicable to private landowners:

"Based on our own research and consideration of the issue and the facts of this case, we hold the de minimis rule applies to private owners and possessors of land. A municipality is not an insurer against all accidents and has a duty only to exercise ordinary care to keep the sidewalks reasonably safe for persons exercising ordinary care. [Citation omitted.] Similarly, an owner or occupier of land is not an absolute insurer of the safety of an invitee. [Citation omitted.] The duty of an owner or occupier of any premises towards invitees is that of reasonable care under the circumstances regarding the state of the premises or acts done or omitted on them, and he must maintain the premises in a reasonably safe condition. [Citations omitted.]

"As expressed in section 343 of the Restatement (Second) of Torts, the applicable standard of care is this:

'A possessor of land is subject to liability for physical harm caused to his invitee by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.' Restatement (Second) of Torts § 343 (1965).

"As we pointed out in our prior discussion of duty, the risk of harm must not be merely foreseeable, but reasonably foreseeable. A possessor of land has a duty to exercise reasonable care to avoid creating an unreasonable risk of harm to an invitee. In applying these principles to the case at bar, we conclude that the sidewalk in question did not have a defect such that the risk of harm was reasonably foreseeable. Further, defendants did not create an unreasonable risk of harm. One obvious reason that a municipality is not required to maintain perfect sidewalks is that a large area is involved which imposes a great burden on the municipality to maintain it. Equally important, we believe, is that extreme and changeable weather conditions in Illinois are such that slight variations in sidewalk elevations are to be expected; sidewalks cannot be maintained perfectly at all times. [Citation omitted.]

"It is common knowledge that sidewalks are constructed in slabs for the very reason that they must be allowed to expand and contract with changes in temperature."

In the case at bar, Barnett-Holdgraf presents no evidence that Mutual Life negligently constructed and maintained the sidewalk in question, nor is there any evidence Mutual Life promised anyone to repair the sidewalk. Rather, the facts clearly demonstrate the defect in the sidewalk was caused by the acts of nature and the passage of time. As did the district court below, the court in *Lyon* recognized the nature of Kansas weather as a major factor in the deterioration of sidewalks. Furthermore, all the additional facts relied upon by Barnett-Holdgraf are secondary to an application of the slight defect rule.

The slight defect rule applies to private sidewalks. However, the rule is limited by the applications of *Richardson* and *Lyon*.

Next, Barnett-Holdgraf argues the district court erred in granting summary judgment to Mutual Life because it failed to consider all the evidence, and in ruling as a matter of law that the defect was slight.

The standard of review for a case decided on summary judgment is well established. Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue

as to any material fact and that the moving party is entitled to judgment as a matter of law. On appeal, we apply the same rules and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. See *Bergstrom v. Noah*, 266 Kan. 847, 871-72, 974 P.2d 531 (1999).

There is no mathematical formula or bright-line test for determining what constitutes a slight defect, and there is some diversity of opinion as to which defects are considered minor; each case must be determined on its own facts. Compare, for example, the Ohio courts which apply the rule that if the sidewalk variation is 2 inches or less, the question of whether the defect is unreasonably safe constitutes a triable issue of fact only if the plaintiff has alleged and presented evidence of other circumstances which make the defect hazardous notwithstanding its slight measurement. See, *e.g.*, *Stockhauser v. Archdiocese of Cincinnati*, 97 Ohio App. 3d 29, 33, 646 N.E.2d 198 (1994).

A trial court can certainly decide as a matter of law that a claim based on a slight defect in a sidewalk is nonactionable. Courts generally rely on the well-established rule that a sidewalk defect is actionable, that is, it presents a jury question, only when the defect is such that a reasonably prudent person should anticipate some danger to persons walking on it. See *West v. City of Hoopeston*, 146 Ill. App. 3d 538, 542, 497 N.E.2d 170 (1986). The test ordinarily is whether the sidewalk defects are of such magnitude or extent as to be likely to cause injury to travelers who are proceeding with due care. See *Doht v. Village of Walthill*, 207 Neb. 377, 379, 299 N.W.2d 177 (1980). To paraphrase Justice Potter Stewart's now famous statement, "We know a slight defect when we see it."

A review of the Kansas cases decided under the slight defect rule demonstrates how the district court in the present case did not err in granting summary judgment to Mutual Life. The landmark case in this area is *Ford v. City of Kinsley*, 141 Kan. 877, where the defect consisted of a block of cement that had sagged below the level of the adjacent blocks to a depth between ½ to ¾ of an inch. The *Ford* court cited several cases from other jurisdictions to support a finding the defect was a slight defect. See *Jackson*

*v. City of Lansing*, 121 Mich. 279, 80 N.W. 8 (1899) (the top crust of a cement sidewalk had been broken off and a depression worn therein to a depth of from 1½ to 3 inches below the general level of the walk, and the depression covered an area of 1½ feet to 2 feet); *Beltz v. City of Yonkers*, 148 N.Y. 67, 42 N.E. 401 (1895) (the plaintiff sought to fasten liability on the city for a fall alleged to be attributed to a depression of 2½ inches in a sidewalk); *Terry v. Village of Perry*, 199 N.Y. 79, 92 N.E. 91 (1910) (actionable liability was sought to be fixed on the city on account of a depression in a sidewalk of 1½ inches).

In *Biby v. City of Wichita*, 151 Kan. 981, 101 P.2d 919 (1940), the court found nonactionable a claim based on a defect of a 10" x 12' flat piece of steel, ¼ inch thick, lying on a sidewalk. In *Blankenship v. Kansas City*, 156 Kan. 607, 612, 135 P.2d 538 (1943), the defect consisted of an absence of 6 to 8 bricks, leaving a depression 14 to 16 inches square and at least 2 inches deep. In *Pierce v. Jilka*, 163 Kan. 232, 181 P.2d 330 (1947), the "defect" was a 1" x 18" x 24" fiber floor mat.

More recently, in *Roach v. Henry C. Beck Co.*, 201 Kan. 558, 559-60, 442 P.2d 21 (1968), the court found slight defects where the defect was a plywood board ¾ of an inch thick and approximately 3 feet square covering a hole in a sidewalk. As discussed earlier, the court in *Lyon* applied the slight defect rule to a tree grate in the sidewalk that was raised above the sidewalk approximately 2 or 3 inches. In *Richardson v. Weckworth*, 212 Kan. 84, the defect was a crumbling sidewalk full of pockmarks of various sizes.

In the present case, Barnett-Holdgraf took photographs of the sidewalk within days of the incident. She took these pictures, at the suggestion of her attorney, for the express purpose of showing the depth of the hole. The pictures show the concrete had spalled and had chipped and flaked away. The pictures with the quarter in the hole show the quarter sticking half above the concrete, which would make the hole between ½ inch and 1 inch deep. The hole is also no more than 5 inches across. Mutual Life had done nothing to create this hole, and there is no evidence to contradict a finding

that the hole occurred simply by natural causes and the passage of time.

In view of the foregoing, we do not find the district court erred in granting summary judgment to Mutual Life. Applying the threshold tests set forth above, and even giving Barnett-Holdgraf the benefit of the doubt that the hole was 3 inches deep, this was not such a defect that a reasonably prudent person should have anticipated some danger to persons walking on it, and the defect was not of such magnitude as to be likely to cause injury to travelers who were proceeding with due care. The alleged defect in the sidewalk was slight and therefore, as a matter of law, the defect was not sufficient to establish actionable negligence.

Affirmed.