(193 P.3d 478)
No. 98,179

VIOLETTA ELSTUN, *Appellant*, v. SPANGLES, INC., *Appellee*.

Opinion filed October 3, 2008.

*Mitchell W. Rice* and *Matthew L. Bretz*, of Bretz Law Offices, of Hutchinson, for appellant.

*Gerald L. Green*, of Gilliland & Hayes, P.A., of Hutchinson, for appellee.

Before HILL, P.J., ELLIOTT and MCANANY, JJ.

HILL, J.: In Kansas, slight defects in sidewalks do not present an actionable negligence claim against cities or those who maintain them. This doctrine is known as the slight-defect rule. The district court applied that rule to this case where Violetta Elstun fell and broke her hip in a Spangles parking lot because of a 2-inch rounded depression she did not see when she tried to get into her car. We hold the district court's application of the slight-defect rule to a parking lot was improper. We reverse and remand.

*The district court decided this case by granting summary judgment.*

On February 24, 2004, Violetta Elstun first went to church and then to eat at a Spangles restaurant on Fourth Street in Hutchinson. It was misting as she was leaving the restaurant. She walked through the parking lot to her car, opened her car door, and stepped back into a hole. Ms. Elstun fell and suffered a broken hip. She later testified the hole was hidden from view because the pavement was dark and wet and the hole was filled with water. Ms. Elstun also testified that she was not looking at the ground or the depression in the parking lot before she fell. Estimating from the photographs attached to Spangles' motion for summary judgment, the sagging depression that Elstun stepped in was about 2 inches deep.

Spangles moved for summary judgment, arguing the slight-defect rule barred Ms. Elstun's claim. The corporation attached two photos to support its claim the depression in the parking lot was only 2 inches deep. Ms. Elstun disputed Spangles' claim about the depth of the depression. She argued "the photos attached by Defendant are insufficient to establish the depth of the depression and are not in conformity with Sup. Ct. R. 141(a)." She asserted, as an added uncontroverted fact, the hole was hidden from view by the dark, wet pavement. She also argued the slight-defect rule did not apply to defects in a retail business parking lot and that, if the rule was applicable, there were circumstances which precluded application of the rule here. The district court held the slight-defect rule barred Ms. Elstun's claim and granted Spangles' motion for summary judgment.

In this appeal, Elstun claims the district court erred in granting summary judgment to Spangles. Initially, she argues the court erred in resolving a negligence claim on a motion for summary judgment. Second, Ms. Elstun maintains the court should not have relied on photos attached to Spangles' motion for summary judgment. Third, Ms. Elstun contends the slight-defect rule does not apply to a defect in a retail business parking lot. Fourth, she thinks the court erred when it decided the defect was slight. Finally, in Elstun's view, the fact that it was raining, the pavement was wet and dark, and the hole was filled with water precluded application of the rule. She thinks the court erred when it failed to consider all the circumstances and granted summary judgment. On the other hand, Spangles contends the district court correctly expanded the slight-defect rule and that it was entitled to summary judgment as a matter of law.

*We set out our standard of review.*

Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, along with any affidavits, show there is no genuine dispute about any material fact and the party seeking summary judgment is entitled to judgment as a matter of law. A district court must resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party opposing summary judgment. Then, to avoid summary judgment, the party opposing summary judgment must come forward with evidence to show a dispute about a material fact and the facts subject to the dispute must be material to the decisive issues in the case. *Where reasonable minds could differ about any conclusions drawn from the evidence, summary judgment must be denied.* An appellate court applies the same standard as the district court when reviewing a motion for summary judgment. See *Robbins v. City of Wichita*, 285 Kan. 455, 459-60, 172 P.3d 1187 (2007).

*We look briefly at the first two claims.*

Ms. Elstun first asserts that a negligence claim involves questions of fact which should not be resolved by summary judgment. This

is accurate to a certain extent. Even though district courts are warned against granting summary judgments in negligence cases, a litigant moving for summary judgment is entitled to prevail if the moving party proves there is no evidence of negligence. See *Seitz v. Lawrence Bank*, 36 Kan. App. 2d 283, 288, 138 P.3d 388, *rev. denied* 282 Kan. 791 (2006). Appellate courts have approved summary judgment to defendants if the plaintiffs fail to show the defendants breached any duty to the plaintiffs. In *Robbins*, 285 Kan. at 470, the court said summary judgment is proper where plaintiff fails to show a prima facie case of breach. We will not hold that summary judgment will never be granted in negligence cases.

Second, Ms. Elstun argues the district court erred in relying on photos attached to Spangles' motion for summary judgment on the depth of the hole. Ms. Elstun claims the photos had no evidentiary basis, were not enough to prove the depth of the hole, and were not in conformity with Supreme Court Rule 141(a) (2007 Kan. Ct. R. Annot. 218). Spangles contends the photos were part of the record, that Elstun failed to provide the district court with any contrary evidence, and the district court did not abuse its discretion by considering the photos.

We point out Supreme Court Rule 141(a) explains what a memorandum in support of a summary judgment motion must contain. It must have "the uncontroverted contentions of fact relied upon by [the moving party] (with precise references to pages, lines and/or paragraphs of transcripts, depositions, interrogatories, admissions, affidavits, *exhibits,* or *other supporting documents contained in the court file and otherwise included in the record)."* (Emphasis added.) (2007 Kan. Ct. R. Annot. 218). Spangles, in its contentions of fact, specifically referred to the two attached photos as exhibits of the depression's depth.

Ms. Elstun does not say how the photos fail to conform with Supreme Court Rule 141(a). She cannot claim surprise. Spangles asserted the depression was 2 inches deep and referred to two photos attached to the motion. According to Spangles, it disclosed these photos during discovery. The photos were clearly contained in the court file and included in the record when Spangles filed its motion with the district court.

In contrast, Ms. Elstun has failed to come forward with any evidence disputing Spangles' claim about the depth of the depression. See Supreme Court Rule 141(b) (2007 Kan. Ct. R. Annot. 218) (if opposing party contends the moving party's factual claim is controverted, the opposing party must provide a concise summary of conflicting testimony or evidence); *Robbins*, 285 Kan. at 460 (the adverse party must come forward with evidence to show a dispute about a material fact). In her opposing memorandum, Elstun merely challenged the evidentiary basis for the photos but failed to provide contrary evidence to dispute the depth of the hole. We believe the district court properly relied on the photos and found the depression in the Spangles parking lot was 2 inches deep. We find no abuse of discretion by the district court on this point.

*We examine history of the slight-defect rule.*

The district court applied the slight-defect rule to the facts of this case and granted summary judgment to Spangles. Spangles asks us to do the same. No prior Kansas case has applied the rule to a retail business parking lot. We decline to do so.

It has long been the rule in Kansas that slight defects in *sidewalks* do not present an actionable negligence claim against cities, individuals, or private corporations. The reason underlying this slight-defect rule is to relieve those responsible for construction and maintenance of sidewalks of the financially prohibitive burden of maintaining them in a perfectly level condition, particularly because of Kansas weather.

In 1935, the Kansas Supreme Court created the slight-defect rule in *Ford v. City of Kinsley*, 141 Kan. 877, 881, 44 P.2d 255 (1935). The court ruled that slight and inconsiderable defects in city sidewalks do not present an actionable negligence claim against a city. The ruling was later extended in *Sepulveda v. Duckwall-Alco Stores, Inc.*, 238 Kan. 35, 36, 708 P.2d 171 (1985), to actions against individuals and private corporations. This rule was reaffirmed in *Lyon v. Hardee's Food Systems, Inc.*, 250 Kan. 43, 52, 824 P.2d 198 (1992). But in *Lyon,* the court declined to apply the rule where defendant negligently created and maintained a defect in the sidewalk. This court has also applied to slight-defect rule to a privately

maintained sidewalk in *Barnett-Holdgraf v. Mutual Life Ins. Co. of New York*, 27 Kan. App. 2d 267, 271, 3 P.3d 89 (2000). We will go deeper into the cases.

The *Ford* court looked at larger interests when it adopted the slight-defect rule:

" 'But a municipality cannot be expected to maintain the surface of its sidewalks free from all inequalities and from every possible obstruction to mere convenient travel, and slight inequalities or depressions or differences in grade, or a slight deviation from the original level of a walk due to the action of frost in the winter or spring, and other immaterial obstructions, or trivial defects which are not naturally dangerous, will not make a municipality liable for injuries occasioned thereby. The fact that the surface of a walk may have become uneven from use, or that bricks therein may have become loose or misplaced by the action of the elements, so that persons are liable to stumble or be otherwise inconvenienced in passing, does not necessarily involve the municipality in liability, so long as the defect can be readily discovered and easily avoided by persons exercising due care, or provided the defect be of such a nature as not of itself to be dangerous to persons so using the walk. So it has been held that a municipality is not liable for injuries to a pedestrian resulting from slipping or stumbling over a niche left in a sidewalk around a growing tree, from which the tree has been removed, or over a piece of stone projecting slightly above the level of a crosswalk.' [Citation omitted.]" 141 Kan. at 881.

*We trace the application of the rule through the years.*

In *Biby v. City of Wichita*, 151 Kan. 981, 101 P.2d 919 (1940), the plaintiff tripped on a ¼-inch metal plate which was covering a portion of a city sidewalk. The *Biby* court upheld the lower court's decision to grant summary judgment in favor of the city. 151 Kan. at 987-88. In *Taggart v. Kansas City*, 156 Kan. 478, 480-82, 134 P.2d 417 (1943), the court applied the rule where the plaintiff fell on a city sidewalk where a tree root had caused an irregularity in the sidewalk.

In *Sepulveda*, the plaintiff fell after stepping into a sunken section of the sidewalk in front of the Duckwall store. The sidewalk was city property, but a city ordinance required adjoining property owners to keep sidewalks in good repair. The Supreme Court approved the trial court's grant of Duckwall's motion for summary judgment, citing the slight-defect rule. 238 Kan. at 36-40.

In *Lyon*, the plaintiff tripped and fell on a metal tree grate on the sidewalk of a Hardee's restaurant. Hardee's employees had recently removed the tree grate to paint it and replace the rocks underneath the grate. After these repairs, the employees repositioned the grate, but the grate protruded about 3 inches above the sidewalk. The court refused to apply the rule under these facts and stated: "The slight defect rule is not intended to shield from liability those who negligently create and maintain a defect in the sidewalk. *Its intended function is to limit the liability of those who permit or allow a slight defect not of their own making to remain.*" (Emphasis added.) 250 Kan. at 52.

The *Barnett-Holdgraf* court applied the slight-defect rule to a defect in a privately maintained sidewalk. The court reasoned the principles announced in *Ford* were equally applicable to sidewalks maintained by private individuals even though private individuals do not have to maintain the same number of sidewalks as a municipality. 27 Kan. App. 2d at 271.

We find three principles common in cases dealing with the slight-defect rule. First, landowners who provide sidewalks, whether public or private, have a duty to maintain sidewalks in a reasonably safe condition. Second, the party responsible for maintaining a sidewalk is not liable for injuries just because someone using that sidewalk trips, falls, and suffers injury. Third, the party maintaining a sidewalk is not an insurer of the safety of those who use the sidewalk.

## We hold the rule inapplicable here.

The question of whether the slight-defect rule applies to defects in a retail business parking lots is a matter of first impression in Kansas. The district court concluded that "there is absolutely no reason why there should be a distinction between streets, sidewalks, and parking lots." We disagree. The correct question in this case is whether the business owner, Spangles, exercised reasonable care in maintaining its property.

First, sidewalks, always open to the public, are easements dedicated to public foot traffic. Sidewalks can extend for miles. They are usually narrow strips of relatively thin concrete slabs (or bricks)

that rise and fall and expand and contract with the seasons due to expansion joints built in the walkway. See *Barnett-Holdgraf,* 27 Kan. App. 2d at 272. The surface of a sidewalk can be affected by soil conditions beneath and adjacent to the sidewalk. Tree roots, drains, plumbing, and electrical conduits can all cause slight variations in a sidewalk. Rain, snow, and ice can make the surface hazardous. It is fair to say that it is virtually impossible to maintain a sidewalk permanently level forever.

Second, parking lots are not sidewalks. They are built for machines and humans. Parking lots must be designed with motor vehicle traffic and foot traffic in mind. Commonly, parking lots are not built from small slabs of concrete but rather large pours of cement which are smoothed and then allowed to harden. Or, they are built from "blacktop," or some form of asphalt. Asphalt can sag from the weight of cars and trucks, causing a deep depression to form; since asphalt is dark, that depression can be difficult to see. In contrast to sidewalks, parking lots are not always open to the public, and sometimes they are only open to customers or those approved by business managers. In our view, the parking lot should be controlled by the same rules of liability as the rest of the business premises.

Those rules are set out in *Jones v. Hansen,* 254 Kan. 499, 509-10, 867 P.2d 303 (1994). Our Supreme Court established the factors to be considered in determining whether a business owner exercised reasonable care in maintaining its business premises. They include "the foreseeability of the harm to the entrant, the magnitude of risk of injury to others in maintaining such a condition of the premises, the individual and social benefit of maintaining such a condition, and the burden upon the land occupier and/ or community, in terms of inconvenience or cost, in providing adequate protection."

We hold the district court erred when it applied the slight-defect rule to the facts of this case. We must set aside the summary judgment. Factual decisions must be made here. We reverse and re-

mand for trial. We need not address the remaining issues raised by Elstun.

Reversed and remanded.