No. 98,179

VIOLETTA ELSTUN, *Appellant,* v. SPANGLES, INC., *Appellee.*

(217 P.3d 450)

Opinion filed October 9, 2009.

*Mitchell W. Rice*, of Bretz Law Offices, of Hutchinson, argued the cause, and *Matthew W. Bretz*, of the same firm, was with him on the brief for appellant.

*Gerald L. Green*, of Gilliland & Hayes, P.A., of Hutchinson, argued the cause, and *Melissa A. Moodie*, of the same firm, was with him on the briefs for appellee.

The opinion of the court was delivered by

DAVIS, C.J.: In this slip-and-fall personal injury action, the district court granted summary judgment in favor of the defendant property owner, applying the "slight-defect rule" regarding sidewalks to the owner's parking lot and determining as a matter of law that the defendant had no duty to protect the plaintiff from the slight defect that allegedly caused her injury. The Court of Appeals reversed, refusing to extend the slight-defect rule to defendant's parking lot. *Elstun v. Spangles, Inc.*, 40 Kan. App. 2d 458, 193 P.3d 478 (2008). On petition for review, we agree with and affirm the Court of Appeals decision, reverse the district court, and remand the case to the district court for further proceedings.

The facts giving rise to plaintiff's action are adequately set forth in the Court of Appeals opinion:

"On February 24, 2004, Violetta Elstun first went to church and then to eat at a Spangles restaurant on Fourth Street in Hutchinson. It was misting as she was leaving the restaurant. She walked through the parking lot to her car, opened her car door, and stepped back into a hole. Ms. Elstun fell and suffered a broken hip. She later testified the hole was hidden from view because the pavement was dark and wet and the hole was filled with water. Ms. Elstun also testified that she was not looking at the ground or the depression in the parking lot before she fell. Estimating from the photographs attached to Spangles' motion for summary judgment, the sagging depression that Elstun stepped in was about 2 inches deep.

"Spangles moved for summary judgment, arguing the slight-defect rule barred Ms. Elstun's claim. The corporation attached two photos to support its claim the depression in the parking lot was only 2 inches deep. Ms. Elstun disputed Spangles' claim about the depth of the depression. She argued 'the photos attached by Defendant are insufficient to establish the depth of the depression and are not in

conformity with Sup. Ct. R. 141(a).' She asserted, as an added uncontroverted fact, the hole was hidden from view by the dark, wet pavement. She also argued the slight-defect rule did not apply to defects in a retail business parking lot and that, if the rule was applicable, there were circumstances which precluded application of the rule here. The district court held the slight-defect rule barred Ms. Elstun's claim and granted Spangles' motion for summary judgment." *Elstun v. Spangles, Inc.*, 40 Kan. App. 2d at 459.

The Court of Appeals reversed and remanded the case for further proceedings. 40 Kan. App. 2d at 465. For reasons set forth in its opinion, the Court of Appeals refused to extend the slight-defect rule, which had previously been applied only to certain sidewalks, to Spangles' parking lot. Instead, the court concluded that the rule enunciated in numerous cases regarding the duty of an occupier of property to exercise reasonable care for those invited or lawfully upon the premises should apply. 40 Kan. App. 2d at 462-65. Under this standard:

"The duty owed by an occupier of land to invitees and licensees alike is one of reasonable care under all the circumstances. Included in the factors that are to be considered in determining whether, in the maintenance of his or her property, the land occupier exercises reasonable care under all the circumstances are the forseeability of harm to the entrant, the magnitude of the risk of injury to others in maintaining such a condition on the premises, the individual and social benefit of maintaining such a condition, and the burden upon the land occupier and/or community, in terms of inconvenience or cost, in providing adequate protection." *Jones v. Hansen*, 254 Kan. 499, 509-10, 867 P.2d 303 (1994).

This court granted Spangles' petition for review. The sole issue for our determination is as follows: Whether the slight-defect rule, which provides generally that property owners have no duty to repair slight defects in sidewalks not caused by their own making, should be extended to parking lots.

## THE SLIGHT-DEFECT RULE

Negligence is defined as "the lack of ordinary care" or, more specifically, "the failure of a person to do something that a reasonably careful person would do, or the act of a person in doing something that a reasonably careful person would not do, measured by all the circumstances then existing [citation omitted]." *Johnston, Administratrix v. Ecord*, 196 Kan. 521, 528, 412 P.2d 990 (1966).

In a personal injury action based upon negligence, the plaintiff must prove "the existence of a duty, breach of that duty, injury, and a causal connection between the duty breached and the injury suffered." *Nero v. Kansas State University*, 253 Kan. 567, Syl. ¶ 1, 861 P.2d 768 (1993).

In the vast majority of cases, claims based on negligence present factual determinations for the jury, not legal questions for the court. *Deal v. Bowman*, 286 Kan. 853, 859, 188 P.3d 941 (2008). This general rule notwithstanding, questions regarding the existence of a duty of care are purely legal determinations. *Nero*, 253 Kan. 567, Syl. ¶ 1. If a court concludes that a defendant did not have a duty to act in a certain manner toward the plaintiff, then the defendant cannot be liable to the plaintiff for negligence. See *Sepulveda v. Duckwall-Alco Stores, Inc.*, 238 Kan. 35, 38-40, 708 P.2d 171 (1985). In such cases, a court may correctly grant summary judgment in the defendant's favor. See 238 Kan. at 40.

Since 1935, Kansas courts have applied a judicially created rule that "[s]light and inconvenient defects *in the sidewalk* of a city street do not furnish basis for actionable negligence, even though a pedestrian may trip, fall, and injure [himself or] herself on account of such a trivial defect." (Emphasis added.) *Ford v. City of Kinsley*, 141 Kan. 877, Syl. ¶ 1, 44 P.2d 225 (1935); see also *Biby v. City of Wichita*, 151 Kan. 981, Syl. ¶ 1, 101 P.2d 919 (1940) ("In an action against a city to recover for personal injuries, a slight defect or obstruction, an inconsiderable unevenness or variance in the surface level of a public sidewalk, whether existing in the sidewalk itself or caused by an object lying upon the sidewalk, is not sufficient to establish actionable negligence in the construction or maintenance of a sidewalk.").

Although cases that apply this slight-defect rule generally use the terms "actionable negligence" or "actionable defect," this court explained in *Taggart v. Kansas City*, 156 Kan. 478, 134 P.2d 417 (1943), that the rule is actually based on the definition of the *duty* owed by municipalities or property owners to pedestrians using the walkways in question. Specifically with regard to municipalities, *Taggart* reasoned that "[t]he city is not an insurer of the safety of those who use its streets and walks. It is not required to furnish

perfect walks. *Its only duty in this respect is to furnish walks that are reasonably safe for use.* [Citations omitted.]" (Emphasis added.) 156 Kan. at 480. To "impose a greater duty upon cities would be to place upon them too great a financial burden." 156 Kan. at 480.

All of the early cases applying the slight-defect rule involved municipal liability for public walkways. As time wore on, however, this court applied the same rule in actions against individuals or private corporations whose property abutted a public sidewalk. See *Sepulveda*, 238 Kan. at 38.

*Standard of Review*

This case comes before the court as an appeal from the grant of summary judgment in favor of Spangles. On appeal, this court applies the same rules that a district court utilizes when considering summary judgment motions. When pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. *State ex rel. Stovall v. Reliance Ins. Co.*, 278 Kan. 777, 788, 107 P.3d 1219 (2005). However, if " ' "reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied." ' [Citations omitted.]" 278 Kan. at 788.

The question presented in the instant case—whether a property owner should always be relieved of the duty to repair slight defects in parking lots—is a policy question regarding the duty owed to patrons of parking lots. "Whether a duty exists is a question of law" over which this court's review is unlimited. *Nero*, 253 Kan. 567, Syl. ¶ 1.

*Discussion and Conclusion*

The question presented in this case is whether the slight-defect rule should also be extended to parking lots, such as that owned by Spangles here. Spangles argues, and the district court agreed, that the same cost-utility analysis that underlies the rule regarding sidewalks—measuring the cost of the repair against the benefit of maintaining perfectly smooth surfaces—applies equally to parking

lots, which often become worn down after normal wear and tear and Kansas weather conditions. Elstun responds, and the Court of Appeals concluded, that sidewalks are different from parking lots in a number of ways that weigh against extending the rule. Most specifically, Elstun points out that parking lots are generally owned and maintained by businesses or other entities for the purpose of providing its clientele a convenient place to park vehicles; sidewalks are walkways open to the public. See *Elstun*, 40 Kan. App. 2d at 465.

The Court of Appeals rejected Spangles' argument and the district court's conclusion that the policies behind the slight-defect rule are equally applicable to parking lots. In its opinion, the Court of Appeals listed three main differences between sidewalks and parking lots that it found to argue demonstrate that the slight-defect rule should not be applied to the latter: (1) Sidewalks are built for foot traffic, while parking lots are built to withstand both human traffic and heavy motor vehicles; (2) sidewalks are usually made of several concrete slabs or bricks, while parking lots are made of poured cement or asphalt that often compress to create "deep" depressions under vehicles' wheels; and (3) sidewalks are generally open to the public, while parking lots are often open only to customers. *Elstun*, 40 Kan. App. 2d at 465.

Spangles argues that these three distinctions do not provide a basis for only applying the slight-defect rule to sidewalks. Spangles notes that the slight-defect rule is rooted in a cost-utility analysis that weighs the cost of repairs against the threat that minor defects pose to public safety. See *Sepulveda*, 238 Kan. at 39. Spangles states that this same analysis may be applied to both sidewalks and parking lots and is dependent neither on the surface material nor the party who maintains the surface in question.

While the arguments advanced by Spangles may have some merit, we are not persuaded that our present law regarding the reasonable care owed by an occupier of land to invitees and others lawfully on the owner's land needs revision. Our present law acknowledges principles firmly embedded in Kansas law. Very recently in *Deal*, we concluded that "[t]here is a reason that this court has made the policy determination that questions of negligence

must be left to the jury unless reasonable minds could not differ on the outcome. [Citation omitted.]" 286 Kan. at 867. We explained:

" 'Negligence is the lack of due care. The instances are relatively rare when the facts are such that the court should say that as a matter of law the negligence alleged had been established. Before the court should make such a holding the evidence should be so clear that reasonable minds considering it could have but one opinion; namely, that the party was negligent. [Citation omitted.]

. . . .

" 'The law favors trial by jury and the right should be carefully guarded against infringements. It is a right cherished by all free people. A trial court, in the exercise of its prerogative in determining questions of law only in these kinds of cases, should not usurp the power and function of the jury in weighing evidence and passing upon questions of fact.' " 286 Kan. at 867 (quoting *Krentz v. Haney*, 187 Kan. 428, 431-32, 357 P.2d 793 [1960]).

The slight-defect rule is a narrow, judicially created exception to this general principle that has until now been applied only to sidewalks. See *Taggart*, 156 Kan. at 480; Ford, 141 Kan. at 878-79. We decline to expand that exception to parking lots. Instead, injuries that are alleged to have been suffered in parking lots must be assessed under this state's premises liability principles. See *Jones*, 254 Kan. at 509-10; *Elstun*, 40 Kan. App. 2d at 465.

The judgment of the Court of Appeals reversing the district court is affirmed. The judgment of the district court is reversed, and the case is remanded to the district court for further proceedings.