NOT DESIGNATED FOR PUBLICATION

No. 114,029

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DEBORAH WALKER,
*Appellant*,

v.

MUSTANG ENTERPRISES, INC., d/b/a HOMETOWN RENTAL,
*Appellee*.

MEMORANDUM OPINION

Appeal from Cowley District Court; LADONNA L. LANNING, judge. Opinion filed July 1, 2016. Reversed and remanded with directions.

*Carl L. Wagner*, of Patterson Legal Group, L.C., of Wichita, for appellant.

*Timothy J. Finnerty*, *Charles E. Hill*, and *Aaron E. Schwartz*, of Wallace Saunders, of Wichita, for appellee.

Before STANDRIDGE, P.J., PIERRON, J., and JOHNSON, S.J.

*Per Curiam*: Deborah Walker sued Mustang Enterprises, Inc., d/b/a Hometown Rental (Hometown) for negligence after she tripped on a surge protector at the base of a set of stairs in the store. The district court granted Hometown's motion for summary judgment, finding Hometown owed no duty to Walker because the surge protector was a known or obvious danger. Walker appeals from the district court's decision to grant summary judgment, arguing a material dispute in fact exists that requires submission to a jury on the issue of whether the danger posed by the surge protector was known or

1

obvious. For the reasons stated below, we agree with Walker and reverse the decision of the district court and remand the matter for further proceedings.

FACTS

On September 12, 2012, Walker went to Hometown to purchase twin-sized mattresses for her grandchildren. The salesperson led Walker up a set of wooden stairs to a loft in the back room to show her mattresses, and she agreed to buy two of them. There is no dispute that the stairs were not intended for regular customer traffic. Customers generally were not allowed in this area, but staff occasionally took them there to see merchandise not on display in the showroom.

On their way down the steps, Walker was on the left side of the stairway and the salesperson was on the right. Walker testified that she and the salesperson were walking down together, but the salesperson believed he was a few steps ahead of her. Walker said she was looking down at each step as she was walking down the stairs and did not see anything on any of the steps. She testified that as she was about to step from the stairs onto the floor, she was looking "[d]own on the floor ahead of [her]." She also said that she was looking down where she was going to place her foot and saw nothing on the floor.

As Walker was stepping to the floor, however, she fell after stepping on the power box portion of a surge protector that was positioned on the floor against the bottom of the stairs. No one actually saw Walker as she fell. Walker maintained she did not see the surge protector until after she fell. After falling, Walker looked around to see what caused her fall. It was then that Walker saw the surge protector located on the far left side of the stairway. According to the general manager of the store, employees often plugged televisions into the surge protector while repairing them in the back room.

2

Walker did not recall seeing the surge protector as she walked up the stairs, and no one in the store warned her it was there. The salesperson who accompanied Walker could not specifically remember seeing the surge protector while walking up or down the stairs but testified that he believed there was one there. Neither party took photos of the scene on the day that Walker fell.

On September 13, 2013, Walker filed a lawsuit alleging Hometown was negligent for failing to properly maintain the premises in a safe condition, actively creating a hazard of which it had notice, failing to warn customers on the property about the hazard or providing alternate routes for them, and failing to eliminate the hazard in a timely manner.

Hometown filed for summary judgment on January 30, 2015, arguing that because the surge protector was a known or obvious danger, Hometown owed no duty of care to Walker and could not be liable for negligence. As part of its supporting evidence, Hometown submitted a series of photographs from the perspective of someone looking at the steps while walking down them. These photographs were attached as Hometown Exhibit C to Hometown's memorandum in support of its motion for summary judgment.

Walker filed a responsive pleading in opposition to Hometown's motion for summary judgment, arguing that whether the surge protector constituted a known or obvious danger was a disputed material fact and, therefore, summary judgment was not appropriate. In an affidavit attached to the pleading she filed in opposition to summary judgment, Walker specifically denied that the photographs submitted by Hometown accurately depicted what she saw when she walked down the stairs. Attached to Walker's affidavit were pictures demonstrating that the surge protector was *not* visible from the stairs because it was "nudged up against the bottom of the stairs."

A hearing on the motion for summary judgment was held on March 25, 2015. In May 2015, the district court convened a hearing and granted Hometown's motion for summary judgment from the bench, holding that Hometown owed no duty to Walker because the surge protector was in plain view. Walker timely appeals to this court.

ANALYSIS

Summary judgment is appropriate only when the pleadings and evidence presented to the district court show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In reviewing the matter, the district court must resolve all facts and reasonable inferences from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must present evidence to establish a dispute as to a material fact. In order to prevent summary judgment, the facts in dispute must be material to the conclusive issues in the case. Summary judgment must be denied if reasonable minds could differ as to the conclusions drawn from the evidence. *Drouhard-Nordhus v. Rosenquist*, 301 Kan. 618, 622, 345 P.3d 281 (2015). On appeal, we apply the same legal standard as the district court and review the matter independently, with no required deference to the district court's judgment. See *Cady v. Schroll*, 298 Kan. 731, 734, 317 P.3d 90 (2014); *Smith v. Kansas Orthopaedic Center*, 49 Kan. App. 2d 812, 815, 316 P.3d 790 (2013). We do not assess witness credibility or weigh evidence, which are duties for the factfinder at trial. *Esquivel v. Watters*, 286 Kan. 292, 295-96, 183 P.3d 847 (2008).

In Kansas, a negligence claim requires: (1) the existence of a duty, (2) breach of that duty, (3) injury, and (4) a causal connection between the duty breached and the injury sustained. *Smith v. Kansas Gas Service Co.*, 285 Kan. 33, 39, 169 P.3d 1052 (2007) (quoting *Schmidt v. HTG, Inc.*, 265 Kan. 372, 396-97, 961 P.2d 677, *cert. denied* 525 U.S. 964 [1998]). In a general sense, negligence claims present questions of fact for the jury to determine, not legal questions for the court to decide. *Elstun v. Spangles, Inc.*,

4

289 Kan. 754, 757, 217 P.3d 450 (2009). But the question of whether a duty of care exists is a legal determination for the court. 289 Kan. at 757 (citing *Nero v. Kansas State University*, 253 Kan. 567, Syl. ¶ 1, 861 P.2d 768 [1993]). If the undisputed facts establish that the defendant did not have a duty to act in a certain way toward the plaintiff, the court may grant summary judgment against the plaintiff's negligence claim because, where no duty exists, the defendant is not liable for negligence. *Elstun*, 289 Kan. at 756-57.

With regard to the duty of a landowner for potential harm that may be caused to an invitee, Kansas has adopted the Restatement (Second) of Torts § 343 (1965):

"A possessor of land is subject to liability for physical harm caused to his [or her] invitees by a condition on the land *if, but only if*, he [or she]
(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
(c) fails to exercise reasonable care to protect them against the danger."
(Emphasis added.)

See *Scales v. St. Louis-San Francisco Ry. Co.*, 2 Kan. App. 2d 491, 497, 582 P.2d 300 (quoting Restatement [Second] of Torts § 343), *rev. denied* 225 Kan. 845 (1978). Section 343A of the Restatement (Second) of Torts, also adopted in Kansas, further limits the scope of a landowner's duty to an invitee:

"(1) A possessor of land is not liable to his [or her] invitees for physical harm caused to them by any activity or condition on the land whose danger is *known or obvious* to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." (Emphasis added.) Restatement (Second) of Torts § 343A (1965).

See *Scales*, 2 Kan. App. 2d at 497-98 (quoting Restatement [Second] of Torts, § 343A).

Unlike the determination of whether a legal duty exists in a negligence case, deciding whether a particular condition constitutes a "known or obvious" danger is generally a factual question reserved for the jury. Nevertheless, summary judgment on this issue may be appropriate if the undisputed record reflects that the particular condition constituted a known or obvious danger. If there is no dispute in fact on this issue, the landowner would be relieved of its general duty to exercise reasonable care in protecting the invitee from injury under Restatement (Second) of Torts § 343A.

We decide whether a condition is a known or obvious danger based on an objective test. See *Wellhausen v. University of Kansas*, 40 Kan. App. 2d 102, 106, 189 P.3d 1181 (2008).

"b. The word 'known' denotes not only knowledge of the existence of the condition or activity itself, but also appreciation of the danger it involves. Thus the condition or activity must not only be known to exist, but it must also be recognized that it is dangerous, and the probability and gravity of the threatened harm must be appreciated. 'Obvious' means that both the condition and the risk are apparent to and would be recognized by a reasonable man [or woman], in the position of the visitor, exercising ordinary perception, intelligence, and judgment." Restatement (Second) of Torts § 343A, comment b (1965).

In asserting that the presence of the surge protector at the bottom of the stairs was a known or obvious danger, Hometown provided a series of photos purportedly based on Walker's descriptions of the placement of the surge protector. Hometown asserts that these pictures are undisputed evidence that the surge protector was "in plain view as one descends the steps." In addition to the photographs, Hometown cites Walker's own statements that she was looking down at the steps as she walked and that she looked down at the floor as she stepped onto it. Finally, Hometown cites to Walker's statements that the lighting was adequate and that there were no obstructions that would have prevented her from seeing the surge protector.

6

Given the photographs and deposition testimony presented to the district court in support of summary judgment by Hometown, the burden shifted to Walker to set forth specific facts or present evidence showing a genuine dispute of material fact with regard to whether the presence of the surge protector at the bottom of the stairs presented a known or obvious risk of danger. In an affidavit attached to the pleading she filed in opposition to summary judgment, Walker averred that the photographs attached as Hometown Exhibit C to Hometown's motion for summary judgment *did not* accurately depict her view as she was descending the stairs. Instead, Walker stated that the photographs attached as Walker Exhibit B to her affidavit clearly and accurately portrayed her view as she was descending the stairs on the date of her fall. Significantly, the surge protector is not visible from the stairs in the pictures attached to Walker's affidavit as Exhibit B. Walker further stated that she was unable to see the surge protector because it was "nudged up against the bottom of the stairs." Walker's statement is supported by Walker Exhibit C, a picture she attached to her affidavit opposing summary judgment.

The district court ultimately determined the presence of the surge protector at the bottom of the stairs was a known or obvious danger. The court's determination in this regard was based on a finding that the "material facts as alleged by the defendant in its pleadings" were not disputed by Walker. Based on this determination, the court held Hometown was relieved of any duty to protect Walker from harm as an invitee under Restatement (Second) of Torts § 343A.

We are troubled by the district court's finding that the material facts in this case were undisputed for purposes of granting summary judgment. First, the court relied on evidence that Walker specifically challenged as inaccurate. Specifically, the court relied on a series of photographs submitted by Hometown depicting a view of the stairs from which the surge protector was visible. In support of her allegation that Hometown's pictures were inaccurate, Walker submitted a photograph that she claims clearly and

7

accurately portrayed her view as she was descending the stairs on the date of her fall. The picture submitted by Walker depicts a view of the stairs from which the surge protector is *not* visible.

Notably, both parties agree that their respective pictures were not taken on the day of the accident. Hometown concedes it staged the scene depicted in the photographs it submitted to the court but provides no basis for staging the scene as it did, except to say that it did so based on a description of the scene allegedly provided by Walker, which Walker expressly disputes. Moreover, Hometown does not identify the height of the photographer, which certainly would impact what a person would and would not see at the bottom of the stairs as he or she is descending them. Nor does Hometown identify where the camera was positioned when the staged photographs were taken. Obviously, the position of the camera impacts whether the surge protector could be seen and, in turn, whether it presented a known or obvious danger.

Viewing the evidence presented on summary judgment in favor of Walker, the nonmoving party, we find a dispute of material fact exists with regard to whether a reasonable person in Walker's position—exercising ordinary perception, intelligence, and judgment—would have noticed the surge protector at the bottom of the stairs and the risk of danger associated with its presence. See Restatement (Second) of Torts § 343A, comment b (defining "obvious" danger as one where condition and risk of danger posed by condition would be recognized by reasonable person in position of visitor, exercising ordinary perception, intelligence, and judgment). Given this dispute in material fact, we conclude the district court erred by granting summary judgment in favor of Hometown.

Reversed and remanded for further proceedings.

\* \* \*

PIERRON, J.: dissenting. I respectfully dissent. The district court did just what must be done when it is faced with a motion for summary judgment. Summary judgment is appropriate when the pleadings and evidence presented to the court show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. There are undisputed material facts which resolve the issue of whether a summary judgment is appropriate in this case.

The central question here is whether the surge protector was an open and obvious danger. The answer is, it was, and summary judgment was appropriate.

The defendant provided a number of photographs of the steps involved, starting from the top and going to the bottom. In the photographs the surge protector *was* "nudged" up against the steps, as was stated by the plaintiff. It was clearly visible all the way down from the top of the steps to the bottom. The plaintiff also testified that she was looking down at the steps, as she should have, all the way down to the bottom. There was no way the plaintiff could have been watching the stairs all the way down, as she obviously was, and not see the surge protector.

The plaintiff has provided three photographs of the steps, which she claims refute the defendant's photographs or at least make this a jury question. However, clearly, they do not.

The plaintiff's first photograph shows the steps from the bottom up with the surge protector at the bottom. It is not clear how this disputes that which is clearly shown in the photographs provided by the defendant. This plaintiff's first photo does not show the steps from the top to the bottom angle, the plaintiff's route down the steps, as do the defendant's photographs.

9

The other two photographs are even less helpful. They do show the steps, at least partially, from the top to the bottom, but do not show where the surge protector was, *which was left out of the last two photographs*. These last two photographs show nothing of value in determining whether the surge protector was or was not visible to a person coming down the steps.

If the surge protector was clearly visible, which it was, the defendant is not liable for the injuries sustained by the plaintiff, as it was an open and obvious danger. The plaintiff also failed to present any evidence that she was distracted, forgot about the danger, or could not avoid the danger, such that the defendant would have an affirmative duty to act. See *Miller v. Zep Mfg. Co*., 249 Kan. 34, 43, 815 P.2d 506 (1991).

We note the plaintiff does not explain how she missed seeing the surge protector which was obviously in plain view. She simply states she did not see it. This statement by the plaintiff does not convert this factual situation to a jury question. A jury would have no more evidence before it than did the district court and that evidence indisputably establishes that the district court was correct in granting summary judgment.

I would affirm the district court.