NOT DESIGNATED FOR PUBLICATION

No. 115,623

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MARY JANE AKIN, Personally and on Behalf of the ESTATE OF DONALD L. AKIN;
NICOLE J. MARKHAM and TONY L. OLSON, as Heirs to the ESTATE OF DONALD L. AKIN;
and
JACINTA LUCILLE DAWN AKIN, by Her Next Friend MARY JANE AKIN,
*Appellants/Cross-appellees*,

v.

UNION PACIFIC RAILROAD COMPANY, GARY BEAVERS, and DENNIS HEWITT,
*Defendants*,
BETTIS ASPHALT & CONSTRUCTION, INC.,
*Appellee/Cross-appellant*,
TERRILL G. BETTIS and JOSEPH H. KRENTZ,
*Defendants*,
and
BETTIS ASPHALT MATERIALS, LLC,
*Appellee/Cross-appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; FRANK J. YEOMAN, JR., judge. Opinion filed July 14, 2017.
Affirmed.

*Robert L. Pottroff* and *Nathan L. Karlin*, of Pottroff Law Office, P.A., of Manhattan, for
appellants/cross-appellees.

*Samuel A. Green*, of Fisher, Patterson, Sayler & Smith, L.L.P. of Topeka, for appellees/cross-
appellants.

Before GARDNER, P.J., PIERRON, J., and BURGESS, S.J.

*Per Curiam*:  The Estate of Donald L. Akin (Estate) appeals the district court's granting of summary judgment in favor of Bettis Asphalt & Construction, Inc., and Bettis Asphalt Materials, LLC (Bettis).

On August 11, 2010, Donald Akin was operating a Shawnee County Public Works dump truck and traveling east on Waterworks Drive in Topeka, on his way to Bettis. When he turned north to cross the railroad tracks he was struck by an eastbound Union Pacific train. Akin died as a result of his injuries. The railroad crossing had a railroad crossbuck sign as well as stop signs. Estate filed suit against Bettis alleging the business was liable for the collision and the resulting damages.

The railroad tracks run east and west at the location where the collision occurred. On the south side of the railroad tracks is the public access road, Waterworks Drive, which runs parallel with the railroad tracks before turning north. Bettis and Concrete Supply of Topeka operate businesses on the north side of the railroad tracks. In order to access the businesses on the north side of the railroad tracks, it is necessary to cross the railroad right-of-way and the railroad tracks from the public access road.

Bettis filed a motion for summary judgment on September 15, 2015. It argued it does not own the property on which the railroad is located and does not have any ownership interest in the railroad right-of-way. Bettis also claimed it does not provide any maintenance or other activity for the right-of-way, including the crossing. Bettis stated it had not altered the crossing over the railroad right-of-way in any way and that it cannot place warning devices on Union Pacific's property or right-of-way. Bettis stated it does not own the property on the south side of the railroad right-of-way.

In its argument, Bettis stated the negligence claim the Estate brought against it fails because Bettis owned no duty of care to Akin.

2

In response, the Estate argued Bettis owns the property that immediately abuts the railroad right-of-way, which is where the crossing is located, and can restrict people from accessing its property. Therefore, it argued Bettis owed a duty to Akin because Bettis owned and/or controlled the land and invited Akin onto its land for business purposes. Estate asked the court to deny the motion for summary judgment.

On January 21, 2016, the district court granted Bettis' motion for summary judgment. The court found that Bettis owed no legal duty to Akin because (1) it had no ownership in the railroad right-of-way where the accident occurred and (2) it had no other ability or authority to control the right-of-way. Bettis could not be found liable for any part of Akin's damages because there was no legal duty on the part of Bettis.

The Estate appeals and argues the district court erred when it granted Bettis' motion for summary judgment on the basis that Bettis did not owe Akin any duty of care.

Bettis cross-appeals and argues the statute of repose extinguishes the Estate's claims and there is no evidence regarding any claims against Bettis Asphalt Materials, LLC.

The Estate argues the district court erred when it granted Bettis' motion for summary judgment and determined that Bettis did not owe a duty of care to Akin. In support of its argument, the Estate states Bettis owns all of the property abutting the railroad right-of-way on the north side of the railroad crossing and, as the possessor of land, Bettis owed a duty of reasonable care for Akin's safety.

The standard for summary judgment including review by an appellate court is well known:

3

"'Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and when we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied.' [Citation omitted.]." *Drouhard-Nordhus v. Rosenquist*, 301 Kan. 618, 622, 345 P.3d 281 (2015).

An issue of fact is not genuine unless it has legal controlling force as to the controlling issue. A disputed question of fact which is immaterial to the issue does not preclude summary judgment. In other words, if the disputed fact, however resolved, could not affect the judgment, it does not present a "genuine issue" for purposes of summary judgment. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 934, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013); *Sanchez v. U.S.D. No. 469*, 50 Kan. App. 2d 1185, 1192, 339 P.3d 399 (2014), *rev. denied* 302 Kan. 1011 (2015).

The burden of proving that no genuine issue of material fact exists rests on the moving party. *Glenn v. Fleming*, 247 Kan. 296, 304, 799 P.2d 79 (1990). Once the moving party meets the burden to establish summary judgment, the party opposing must come forward with facts that show there is a genuine issue for trial. *Mark Twain Kansas City Bank v. Kroh Bros. Dev. Co.*, 250 Kan. 754, 762, 863 P.2d 355 (1992).

A plaintiff in a negligence action must prove four elements: (1) a duty owed to the plaintiff; (2) breach of that duty; (3) causation between the breach and the injury to the plaintiff; and (4) damages the plaintiff suffered. *Shirley v. Glass*, 297 Kan. 888, Syl. ¶ 4, 308 P.3d 1 (2013). While summary judgment should be granted with caution in a

4

negligence case, a defendant is entitled to summary judgment in a negligence action if the defendant shows the plaintiff's claim is supported by no evidence. *Edwards v. Anderson Engineering, Inc.*, 284 Kan. 892, 904, 166 P.3d 1047 (2007).

Summary judgment in a negligence action is generally proper if the only questions presented are questions of law. *Martin v. Naik*, 297 Kan. 241, 245, 300 P.3d 625 (2013). If a court concludes that a defendant accused of negligence did not have a duty to act in a certain manner toward the plaintiff, then a court may grant summary judgment because the existence of duty is a question of law. *Elstun v. Spangles, Inc.*, 289 Kan. 754, 757, 217 P.3d 450 (2009).

Here, the Estate argues the applicable caselaw comes from *Jones v. Hansen*, 254 Kan. 499, 867 P.2d 303 (1994). In *Jones*, the plaintiff was a social guest while in the home of the defendants when she fell down the stairs and was severely injured. On appeal, she brought the issue of whether the court "should change Kansas law regarding the duty owed by an occupier of land to a social guest licensee by adopting a standard of reasonable care under all circumstances." 254 Kan. at 500. At the time under Kansas law, the duty owed to an entrant on property was dependent on the status of the entrant.

The *Jones* court held that the duty owed by an occupier of land to licensees was no longer dependent on the status of the entrant. 254 Kan. at 509. The duty owed by an occupier of land to an invitee and licensee is one of reasonable care under all circumstances. 254 Kan. at 509. The court listed factors to be considered in determining whether the land occupier exercised reasonable care under all circumstances including:

> "the foreseeability of harm to the entrant, the magnitude of the risk of injury to others in maintaining such a condition on the premises, the individual and social benefit of maintaining such a condition, and the burden upon the land occupier and/or community, in terms of inconvenience or cost, in providing adequate protection." 254 Kan. at 509-10.

5

Bettis argues *Jones* is not applicable here, as *Jones* sets out a standard for premises liability, which requires land ownership. Instead, Bettis argues the correct standard comes from *Rogers v. Omega Concrete Systems, Inc.*, 20 Kan. App. 2d 1, 883 P.2d 1204 (1994). In *Rogers*, the plaintiffs traveled over a private road on land owned by the Union Pacific Railroad in order to access Omega Concrete. The plaintiffs drove in front of a Union Pacific train and were killed. Plaintiffs sued Omega Concrete and the trial court granted summary judgment in favor of Omega. The plaintiffs appealed and argued the trial court erred when it granted summary judgment because Omega had premises liability as a result of an agreement it had with Union Pacific. In this agreement, Union Pacific agreed to construct the crossing and to install traffic warning signs and Omega was to maintain the road.

The *Rogers* court determined Omega did not own any of the real estate where the crossing was located. 20 Kan. App. 2d at 5. In a premises liability case, in order to be liable, the party charged must have control over the premises in question. 20 Kan. App. 2d at 5. Without control, the responsibility for the dangerous or hazardous condition does not exist. 20 Kan. App. 2d at 5. Therefore, a party may not be held responsible for a condition which he or she did not cause and which he or she had no ability to remedy. 20 Kan. App. 2d at 5. The *Rogers* court examined the agreement between Omega and Union Pacific and did not find anything that placed responsibility with Omega to do anything in regard to the crossing. 20 Kan. App. 2d at 6. Omega had no right of control over the condition or safety of the crossing and therefore the essential element in premises liability did not exist in this case. 20 Kan. App. 2d at 6. The *Rogers* court affirmed the trial court's decision to grant summary judgment in favor of Omega. 20 Kan. App. 2d at 10.

Bettis is correct in that the applicable case to the facts here is *Rogers*, as the issue does not center on the status of the entrant on the property but whether Bettis occupied, controlled, or had ownership over the property on which the railroad right-of-way is

6

located. Therefore, in order to overcome summary judgment, the Estate must present evidence that shows Bettis had control over the land where the railroad right-of-way is located. See 20 Kan. App. 2d at 5. The Estate has failed to do this. First, in its response to Bettis' motion for summary judgment, the Estate did not provide any exhibits or evidence that Bettis owned, occupied, or had control over the land where the right-of-way is located. In its brief, the Estate did not provide any evidence that Bettis in fact owned, occupied, or had control over the land where the right-of-way is located. Instead, the Estate cites to a page from a deposition in the case it has against Union Pacific Railroad. On this page, Eric Bettis stated a person cannot access the Bettis property without going over the railroad tracks. This does not establish that Bettis owned or controlled the property on which the railroad right-of-way is located. The Estate then cites to the same deposition where Eric stated the Bettis property is located on the other side of the Union Pacific right-of-way to the north. Again, this does not establish that Bettis owned, operated, or had control over the property.

The Estate has failed to overcome the summary judgment standard as it did not demonstrate there was a genuine issue for trial. The undisputed facts show Bettis did not own, occupy, or control the property on which the railroad right-of-way is located. Therefore, the grant of summary judgment in favor of Bettis was appropriate and the district court is affirmed.

Due to our decision above, we need not address the cross-appeal.

Affirmed.

7